WM. H. HOWERTON v. C. H. LATTIMER.

Testimony as to transactions which took place between the defendant and an agent, since deceased, is admissible evidence in a suit brought by the principal against such defendant. Especially so, if the acts and agreements of the agent were afterwards communicated to the principal and by him assented to.

Where a plaintiff requests the Judge, on a trial in the Court below, to instruct the jury that the defendant must support his defence, by a preponderance of testimony; and instead of so doing his Honor tells the jury that they must judge of the weight of the evidence, and if they believed the testimony of the defendant, they should find for him : *Held*, to be no error.

CIVIL ACTION, tried at the Fall Term, 1872, of ROWAN Superior Court, before *Cloud, J.*

The following is, in substance, a statement of the case by counsel, and sent up with the transcript of the record. The action was brought to recover the value of board supplied to defendant and his clerk, from 12th January, 1859, to 18th March, 1860.

On the trial below the account was admitted, but the defendant alleged that it had been settled by " an accord and on satisfaction thereof, with one Thos. Howerton, as the only authorized agent of the plaintiff."

In support of this allegation the defendant testified that sometime in 1858 the plaintiff came to his store and requested him to let his father, Thos. Howerton, have such articles as he might apply for, and to charge the same to the plaintiff. In consequence of this request he let Thos. Howerton have a large amount of merchandise at different times, down to 1st May, 1860. That at the time the account was opened, Thos. Howerton was keeping a boarding house as the agent of the plaintiff. Soon after Thos. Howerton approached the defendant, the witness, and solicited him to board with him, and bring one of his clerks also to board at his house, stating that if he, the defendant, would do so, he would accept in payment of the board bill a credit of one

half thereof, upon his individual account, which he owed the defendant, and the other half upon the account made by him as the plaintiff's agent. Before the defendant testified to this conversation, it was admitted that Thos. Howerton was dead; and the plaintiff objected to the admission of any evidence of a conversation, or of any transaction with the deceased. On the part of the defendant it was stated that evidence would be offered tending to show that the conversation alluded to had been, by defendant, communicated to the plaintiff, and that he had assented to the arrangement. The defendant further stated that in pursuance of such arrangement, he and his clerk did board with Thos. Howerton, agent as aforesaid, as detailed in the account sued upon.

The defendant was further permitted to state, after objection by plaintiff, that on the 29th January, 1859, there was a settlement between himself and Thos. Howerton, agent of the plaintiff, in which, one-half of the bill for board was credited on the individual account of Thos. Howerton, and the other half upon the account against plaintiff himself. That shortly thereafter he showed the plaintiff the statement of this settlement, and explained to him the agreement had with his father, and agent; that he, the plaintiff, made no objection to the arrangement, only suggesting that in future the goods furnished to his father, Thos. Howerton, should be charged to him as agent of the plaintiff, giving as a reason, that he, the plaintiff, might purchase goods at defendant's store for his own family, and that it might produce confusion if both accounts were kept alike. Plaintiff objected to the introduction of testimony relating to any transaction with Thos. Howerton prior to the 12th January, 1859. Objection overruled, and the plaintiff excepted. Defendant further testified, that on the 1st May, 1860, he had a final settlement with Thos. Howerton, in which the board bill was credited in accordance with the agreement, and that for the

balance due by plaintiff to defendant, the said Thos. How-
erton gave a note signed by himself as agent.   To this evi-
dence the plaintiff objected.   Objection overruled, and
plaintiff excepted.

The plaintiff then offered to read in evidence certain affi-
davits made by one Whitted, a witness for defendant, the
affidavits being made for a continuance of the cause at a
preceding term, and which, it was alleged, contained contra-
dictory statements.   Defendant objected, and the objection
was sustained by the Court.

His Honor was asked by plaintiff to instruct the jury :

1st. That after the account had been contracted, if Thos.
Howerton exceeded his authority as agent, in agreeing to
credit defendant with his own account, no promise thereafter
made by plaintiff, expressed or implied, is binding, as the
same was without consideration.   The Court charged the
jury, that there was no evidence that any express promise
was made by plaintiff after the account was contracted; but,
if they found that during the time in which the board ac-
count was running, the plaintiff was informed of the agree-
ment between defendant and Thos. Howerton, agent of the
plaintiff, by which one-half the account was to be credited
on the individual account of Thos. Howerton, and the plain-
tiff then assented to the arrangement, that this ratification
would make the contract binding upon the plaintiff, although
Thos. Howerton might have exceeded his authority at the
time the agreement was made.

2d. That, as the defendant's answer admits the account
and sets up matter in avoidance, the jury must be satisfied
by the defendant of the truth of this defence, by preponder-
ance of testimony.   The Court declined to give this instruc-
tion in the words employed, but charged upon this point,
that the weight of testimony was a question for the jury :
That if, looking to all the evidence in this case, they believed

the testimony of the defendant, he was entitled to a verdict; otherwise, they should find for the plaintiff.

A book kept by Thos. Howerton, in which the charges for board were entered, without any credit, was offered in evidence. The plaintiff being examined, denied the statement made by defendant.

Verdict and judgment for the defendant. Motion for a new trial; motion overruled. Appeal by the plaintiff.

*Bailey,* for appellant.
*Wilson,* contra.

RODMAN, J.  1. The first exception is, for the admission of the testimony of the defendant, as to his transactions with Thomas Howerton, a deceased agent of the plaintiff. The words of the *proviso,* in sec. 343, of C. C. P. do not cover such a case.  That says that no party shall be examined as to any transaction between him and a person deceased, " as a witness against a party then prosecuting, or defending the action as executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person.  The plaintiff is not prosecuting this action in any of those characters.  It may seem that the plaintiff, under the circumstances, comes within the mischief intended to be remedied.  Whether that be so or not, we would not be justified in extending the scope of the act, to include the case of a principal of a deceased agent, upon any conjecture, that the Legislature would have included such a case if it had occurred to them.  But at all events, the evidence of the transaction became competent, when it appeared that it had been communicated to the plaintiff and that he assented to it.

2. The plaintiff requested the Judge to instruct the jury " that after the account sued upon had been contracted, if Thomas Howerton exceeded his authority in agreeing to

credit defendant with his own account, no promise thereafter made by plaintiff, express or implied, is binding, as the same was without consideration."

This is so obscure that his Honor might well decline to give it as an instruction on that ground alone. We think there was evidence of a consideration for the promises of plaintiff.

3. The plaintiff also requested the Judge to instruct the jury, that the defendant must support his defence by a preponderance of testimony. His Honor told the jury, that they must judge of the weight of the evidence, and that if they believed the testimony of the defendant they should find for him. We think this was proper.

4. In the course of the trial, plaintiff offered in evidence " certain affidavits, made by one Whitted, who had been examined as a witness for defendant, who had been sent by defendant to obtain a continuance of this cause, which affidavits it was alleged were contradictory in some particulars." These affidavits were made at the previous term, to procure a continuance, for the reason of the sickness and absence of defendant, and stated generally what the affiant expected that defendant would prove on his examination as a witness. Whitted was the agent of the defendant for certain purposes, but it does not appear that he was so for the purpose of swearing to the particulars of his defence. 3 Green. Ev. 235; note.

We think the affidavits were properly excluded.

PER CURIAM.                                    Judgment affirmed.