A. C. ROBERTS et al. v. RICHMOND AND DANVILLE RAIL-
ROAD COMPANY.

*Witnesses—Competency, The Code,* § 590.

Plaintiff is a competent witness to testify as to a contract made with a
deceased agent of a railroad company, in regard to the company
furnishing cars for the transportation of plaintiff's cattle.

CIVIL ACTION, tried before *Brown, J.,* at Spring Term, 1891, of CHEROKEE Superior Court.

The plaintiffs alleged, as one cause of action, that the defendant agreed to have in readiness and supply them with certain cars at a time and place specified, in which certain cattle were to be transported over the defendant's railroad to a place specified; that the defendant failed to keep and perform its agreement, etc., whereby the plaintiff sustained damage, etc.

The defendant denied the material allegations of the complaint.

This, among other issues, was submitted to the jury—

" 2. If so, did the defendant fail to perform its contract as alleged in the complaint ? "

On the trial, a witness for the plaintiffs (one of them) testified, among other things, as follows : " I made an agreement with defendant's agent at Jarrett's station to ship them (the cattle).   I made a bargain with him ; I think his name was Buchanan."

" The defendant objected to any evidence on part of the plaintiffs to this transaction with the agent Buchanan, upon the ground that Buchanan is dead."

The objection was sustained, and the plaintiffs excepted.

The plaintiffs submitted to a judgment of nonsuit, and appealed.

*Messrs. Ben. Posey* and *Theo. F. Davidson*, for plaintiffs.
*Mr. F. H. Busbee*, for defendant.

MERRIMON, C. J.—after stating the facts : The obvious purpose of the evidence rejected was to prove the special contract of the defendant to supply certain cars at the time and place specified in the complaint, and that it failed to do so. The evidence was clearly relevant and competent for that purpose, and we are at a loss to see the ground of objection to it.   Unquestionably, the statute (*The Code,* §590) did not apply, as seems to have been supposed.   The plaintiffs (the witness was one them) did not derive their " interest or title," or claim, from the deceased agent of defendant, by assignment or otherwise.   That agent was a third party, and on the same footing as any other person having no interest in the present cause of action.·  *Howerton* v. *Lattimer,* 68 N. C., 370 ; *Thomas* v. *Kelley,* 74 N. C., 416 ; *Molyneux* v. *Huey,* 81 N. C, 106.

Error.