AVERY and CLARK, JJ., did not sit.
In his complaint plaintiff alleges that he is entitled to one-half of the net proceeds arising from the sale of certain lands lying in Caldwell County, as the consideration for the execution of a deed to the defendant, Louisa N. Bond, for said lands, under an express contract made contemporaneously with the deed with H. F. Bond, the agent of L. N. Bond, his daughter.
In her answer the defendant, L. N. Bond, expressly alleges that the lands were entered by the plaintiff for her sole benefit, and with her own funds, which she supplied to plaintiff through her agent, H. F. Bond.
At Spring Term, 1891, upon being heard on the pleadings before Hoke, J., the plaintiff suffered a nonsuit and appealed. The appeal was heard at February Term, 1891, of this Court, and was reported in 108 N.C. 382. The nonsuit having been set aside, the case resumed its *Page 405 
place upon the docket of the lower court. Subsequently Rebecca Bond Adams and her husband, L. A. Adams, were allowed to become parties defendant, and alleged in their petition and answer that the said R. B. Adams has title to the lands paramount to either that of (553) plaintiff or defendant, Louisa N. Bond, by reason of a deed or contract to convey the lands, made by the plaintiff prior, but not registered before his deed to L. N. Bond, and that she is entitled to the proceeds of the sale therefor. Plaintiff's demurrer to the answer being overruled, he appealed; the cause was heard at September Term, 1892, of this Court. (See 111 N.C. 425.)
At the trial at Spring Term, 1893, one issue only was submitted, though several others tendered by defendants, and covering matters alleged and controverted in the pleadings, were refused:
"Did the plaintiff convey the land described in the complaint by deed to defendant, Louisa N. Bond, upon the understanding and agreement made at and before the execution of the said deed with defendant's agent, H. F. Bond, that when sold, after the payment to the plaintiff and defendant of the advancements made or the expenses incurred by them respectively, that the balance of the proceeds of such sale should be equally divided between them; and was such agreement the inducement and consideration to the execution of said deed?"
To which the jury answered "Yes."
His Honor being of opinion that on the issue as found by the jury, the plaintiff was entitled to an account, made an order referring the cause to Harvey Bingham, Esq., to take and state an account, and defendants appealed.
The other facts are sufficiently adverted to in the opinion of AssociateJustice Burwell.
The motion to dismiss the appeal must be denied. Clementsv. Rogers, 95 N.C. 248, is decisive of the point. In that action, as in this, there was a verdict for the plaintiff on the trial (554) of the pleas in bar, and an order for an account. An appeal from that order was not considered premature, because, if the pleas in bar were established, the plaintiff would not be entitled to an account, and the action would be at an end. The reason of the rule applies with full force here.
Upon the trial certain evidence was offered on plaintiff's part to corroborate his own testimony in regard to the matter in controversy. This evidence was not competent for any other purpose, consisting, as it did, *Page 406 
of declarations made by him soon after the transaction corresponding with the statements made by him on the witness stand. When this evidence was offered it was conceded that it was only competent for this purpose, and for that purpose alone did his Honor admit it. Among the instructions asked for by defendants was the following:
"The evidence of the declarations of the plaintiff in regard to the matters in controversy are not substantive evidence of the truth of said matters, and are only competent in evidence for the purpose of corroborating the witness Sprague, and can only be considered by you for this purpose, and you can give it such weight as you think it is entitled to."
The case states that this instruction was refused. In this there was error that entitled the defendants to a new trial. It is settled byBullinger v. Marshall, 70 N.C. 520, that it must follow a party's being allowed to be a witness that, if his testimony be impeached he may be corroborated by showing that he had, soon after the matter occurred, made the same statement in regard to it. The rule was there established as a necessary corollary of the statute which allowed a party to be a witness in his own behalf. The learned Justice who delivered the opinion of the Court in that case was evidently loath to yield to this innovation, as he considered it, foreseeing, as he no doubt did, that it would be most difficult to restrain the effect of such evidence and prevent it (555) from operating on the minds of the jury as substantive proof of the facts in dispute. Because there is this danger of its exercising an improper influence upon the jury, it is incumbent on the judge presiding at the trial where such corroborative evidence is introduced to see to it, even without any request for special instructions, that the jury fully understand the use they are permitted to make of it, and we must hold that the failure to caution them in this particular when such a request is made, as was done by the defendants here, entitled them to a new trial.
As this cause, for the reason above stated, must be tried again, we deem it proper to say that, upon the allegations made by Mrs. Rebecca B. Adams in her pleadings filed, we think she is a proper party to this action, and that the truth of the allegations made by her and controverted by plaintiff in his reply should be inquired into. Issues should be framed to cover all the controverted transactions between the plaintiff and each of the defendants, L. N. Bond and R. B. Adams, in relation to the land, the proceeds of sale of which are here in dispute, to the end that if the facts alleged by the plaintiff are found to be true, an account may be ordered; and if the facts alleged by Mrs. R. B. Adams are found to be true, the court may be in position to adjudge the rights of the respective claimants and to mould the order of reference accordingly. If, at the time of the alleged contract between the plaintiff and *Page 407 
the defendant L. N. Bond, through her agent, H. F. Bond, by the terms of which the plaintiff conveyed the land to said defendant in consideration of her agreement, made for her by her said agent, that when she sold the land she would pay to the plaintiff one-half or other part of the proceeds, after deducting certain expenses pertaining to the business, the defendant Rebecca B. Adams had an equitable interest in said land, or a right to call for a deed therefor, which she had acquired from the plaintiff, and which she then held and now holds by titles or contracts good against him, but not valid against her codefendant, (556) Louisa N. Bond, or her vendees, because of want of registration or other notice, it would surely be unjust to allow him to take the proceeds of the sale and appropriate them to his own use. It seems to us that if Mrs. Adams' allegations are true, the plaintiff, at the time of the alleged contract with H. F. Bond, agent, held whatever interest or estate he had in the land in trust for Rebecca B. Adams. As between the latter and him, if her allegations are true, he had no right to make this sale and contract. It was valid between him and L. F. Bond, because she had no legal notice. But Rebecca B. Adams may ratify that transfer, contract and subsequent sale, and contest, as she does here, the plaintiff's right to the fund, claiming that, in equity, it is hers.
It is proper for us to say further, that as the pleadings now stand, we do not think that the defendants are entitled to have the first issue tendered by them on the late trial, submitted to the jury. The third paragraph of their answer, upon the allegations of which this issue is founded, does not set out as a fact that the alleged contract, if made as stated by plaintiffs, with H. F. Bond, agent, was made to defraud creditors of plaintiff, he being insolvent. Its phraseology seems rather to indicate a purpose to assert the high character of Mr. Bond as proof that the contract was not made as plaintiff alleges, because, under the circumstances, it might have been a fraud on plaintiff's creditors, than to plead the fact that plaintiff, if he made the alleged contract, was thereby intending and contriving to defraud his creditors. If the defendants intended to raise such an issue, their allegations should be distinct and unequivocal. If they state on the trial that such was their purpose, they will no doubt be allowed to amend this paragraph so as to entitle them to this issue.
If it is admitted or proved that H. F. Bond was the agent of the defendant L. N. Bond in the negotiations and transactions that resulted in her acquisition of the title to lands which she sets up (557) in her answer, then it would be competent for the plaintiff to testify in regard to transactions that took place between himself and that agent within the scope of his agency, and also to the declarations of the agent as to a part of those transactions. This right of the plaintiff *Page 408 
so to testify is not destroyed or restricted by the death of the agent.Howerton v. Lattimer, 68 N.C. 370. With like restrictions, he may testify to transactions with and declarations of H. F. Bond, that concern Mrs. R. B. Adams, if the latter's agency for her is proved or admitted. Nor can this right so to testify be affected by the deed from plaintiff to H. F. Bond, dated in 1873 and registered in 1891, for an undivided half of the land, the proceeds of the sale of which are herein controverted. The defendants, in their answer, set up no claim to the land as heirs of H. F. Bond, but, on the contrary, assert title adverse to him. They decline, as it seems to us, to contest with the plaintiff, in their capacity as heirs of H. F. Bond, but insist that they can stop his mouth by producing a deed from plaintiff to said Bond, which can have no relation to this controversy, except perhaps to throw light for the jury upon the subsequent transactions between plaintiff and defendants through their agent. Because, for the reasons heretofore stated, there must be a new trial, we do not deem it best to discuss, with more particularity, the question presented about the admission or exclusion of evidence.
New trial.
Cited: Wallace v. Grizzard, 114 N.C. 493; Sprague v. Bond, 115 N.C. 530;Burnett v. R. R., 120 N.C. 518; Watkins v. Mfg. Co., 131 N.C. 540;Gwaltney v. Assurance Soc., 132 N.C. 929; S. v. Parker, 134 N.C. 211;Dickens v. Perkins, ib., 223; Westfeldt v. Adams, 135 N.C. 600; Hall v.Holloman, 136 N.C. 36; Brown v. R. R., 147 N.C. 218; Henderson v. R.R., 171 N.C. 398; Bank v. Wysong Co., 177 N.C. 292.
(558)