## WALKER & MYERS v. GEORGE P. COOPER.

(Filed 11 September, 1912.)

1. **Principal and Agent—Deceased Agent—Declarations—Evidence —Interpretation of Statutes.**

   Declarations of a deceased agent of a party litigant made at the time of a transaction for his principal, and within the scope of his authority as such, is not a conversation with a deceased person within the meaning of Revisal, sec. 1631.

2. **Evidence Corroborative.**

   Testimony of a witness in corroboration of a party litigant, as to what he said in regard to a matter relevant to the inquiry, is competent.

3. **Evidence—Depositions—Available to Both Litigants—Appeal and Error—Record—Prejudice.**

   When a party who has taken evidence under the provisions of Revisal, sec. 865, introduces a part of it, *Semble,* that the other parties, by express provision of the statute, may introduce the other part thereof; but no error can be adjudged on appeal when the examination does not appear of record, so that it may be seen whether the excepting party has been prejudiced.

4. **Instructions—Construed as a Whole—Contracts—Breach—Measure of Damages.**

   The charge of the judge, in this case, upon the measure of defendant's damages upon his counterclaim, alleged to have been received from failure on plaintiff's part to fulfill his part of the contract sued on, construed as a whole, is not held for reversible error, as the jury must have understood that defendant was to be awarded, as damages, the net profit he would have made under the contract upon a finding that plaintiff had failed in his duty to the defendant thereunder, with further pertinent instructions free from error.

5. **Instructions Specific—Exceptions—Special Request—Procedure.**

   When the charge construed as a whole is correct, exceptions that it was not more specific cannot be sustained on appeal, it being the duty of the excepting party to tender instructions covering the desired details.

APPEAL by plaintiff from *Cline, J.,* at April Term, 1912, of BERTIE.

This is an action to recover certain personal property, in which the defendant alleges a counterclaim, and demands dam-

ages for breach of a logging contract, and this appeal is based upon exceptions relating to the counterclaim, the jury having awarded damages in favor of the defendant.

The defendant offered evidence tending to prove that he entered into a contract with the plaintiffs, under which he was to deliver the timber from two tracts of land at Plymouth for $5 per thousand; that the plaintiffs were to furnish him money and equipment to enable him to perform the contract on his part; that they were to furnish him iron for a railroad track and other equipment; that the plaintiffs failed to perform their agreement, and that he was damaged thereby; that among other elements of damage he lost a profit of $1.50 per thousand, which he would have made under said contract.

The plaintiff offered evidence to the contrary, and particularly that the defendant would have made no profit under said contract, or in any event less than $1.50 per thousand.

There was no evidence that the contract could not have been completed prior to the commencement of this action.

The defendant was examined as a witness and testified, among other things, that the iron for the railroad was not furnished him, and that he made complaints about it; that he told Mr. Bash that he did not have enough iron, and he replied: "We can't get any more right now, and as we can get boats we will send you more." Mr. Bash was general manager for the plaintiffs, with authority to make contracts, and was dead at the time of the trial. The plaintiffs objected to this evidence, under Revisal, sec. 1631, because it was a conversation with a deceased person. The objection was overruled, and the plaintiff excepted.

One Smithwick was a witness and testified that he had heard the defendant complain of the failure of the plaintiffs to furnish iron, and plaintiffs excepted. His Honor explained to the jury that this evidence was admitted in corroboration of the plaintiff only.

The defendant was examined before the trial, under Revisal, sec. 865, and at the trial the plaintiffs introduced a part of this examination, and the defendant was permitted, over the objection of the plaintiffs, to introduce the whole examination, and plaintiffs excepted.

The examination is omitted from the record at the request of the plaintiffs, and there is no statement as to its contents.

The plaintiffs excepted to the part of the charge as to the recovery of profits by the defendant, because of failure to state a rule for measuring the damages.

There was a verdict for the defendant on his counterclaim, and the plaintiffs appealed.

*Pruden & Pruden, Gilliam & Davenport, and S. Brown Shepherd for plaintiffs.*

*Winston & Matthews for defendant.*

ALLEN, J. Four exceptions are considered in the plaintiffs' brief, and all others are deemed abandoned.

The first three relate to rulings upon the evidence, and none of these can be sustained.

The evidence of the defendant as to a conversation with a deceased agent of the plaintiffs is not condemned by Revisal, sec. 1631 (*Roberts v. R. R.,* 109 N. C., 670; *Gwaltney v. Assurance Society,* 132 N. C., 925), and it was clearly competent to prove by the witness Smithwick that he had heard the defendant complain of the failure to furnish iron, in corroboration of the evidence of the defendant, for which purpose alone it was admitted.

The exception to the introduction of the examination of the defendant, taken under Revisal, sec. 865, cannot be considered, because we are unable to see that it was in any way prejudicial to the plaintiff, as there is no statement of what was in the examination, and it was omitted from the record by direction of the appellant.

It would seem, however, that the exception could not have availed the plaintiffs, as they introduced a part of the examination, and further, the statute (Revisal, sec. 867) provides that the examination "may be read by either party on the trial."

The charge of his Honor is subject to the criticism that he did not state explicitly the measure of damages, but when the part excepted to, for this reason, is considered as a whole, we do not think the jury could fail to understand that they were to award the defendant, as damages, the net profit he would

have made under the contract, if any. He stated fully the contentions of the parties, and instructed the jury substantially that the defendant was entitled to recover damages if the plaintiffs had agreed to furnish iron and had failed to do so; that the defendant contended that if the contract had been performed by the plaintiffs, he would have made a clear profit of $1.50 per thousand; that the plaintiffs contended that his profits would have been nothing, or in any event less than $1.50 per thousand; and that they must ascertain the amount of this damage under the fourth issue. If the plaintiffs thought more specific instructions necessary, it was their duty to call it to the attention of the court by prayers for instruction. *Simmons v. Davenport,* 140 N. C., 407; *Ives v. R. R.,* 142 N. C., 131.

The case of *Wilkinson v. Dunbar,* 149 N. C., 20, sustains the ruling that the defendant is entitled to recover the profits he would have made, but it is not authority in favor of the plaintiffs upon the exception taken, as in that case a new trial was ordered on account of an erroneous rule laid down in the charge for estimating damages, and not because of failure to charge. We find

No error.