C. A. BAILEY v. WILLIAM E. WESTMORELAND AND WIFE, HELEN L. WESTMORELAND.

(Filed 29 January, 1960.)

1. Evidence § 27—

   The rule that parol evidence is incompetent to vary, add to, or contradict a written instrument, applies only to legally effective instruments and does not preclude parol evidence that a written instrument was inoperative or unenforceable.

2. Same:   Bills and Notes § 17—

   As between the parties, it is competent for the maker to show that the note sued on was without consideration or that it was executed upon express condition that it should not become effective or operative as a binding obligation until the happening of a stated contingency, in this case the payment of certain other notes executed by third parties as a part of the same transaction.

3. Evidence § 11—

   Where a note is executed to two payees jointly and one of them thereafter acquires the interest of the other and sues the makers of the note, after the death of the other payee, testimony of the maker as to a contemporaneous agreement with the deceased payee, acting for himself and as agent of the other, that the note should not become a binding obligation until the happening of a stated contingency, is competent as to

plaintiff payee's original share of the note, even though it is incompetent as to the share acquired by him as assignee of the deceased payee. G.S. 8-51.

**4. Trial § 17—**

The general admission of evidence competent for a restricted purpose will not be held for error in the absence of a request at the time of its admission that its purpose be restricted. Rule 21, Rules of Practice in the Supreme Court.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Olive, J.,* April 20, 1959, Term, of FORSYTH.

Civil action to recover on $975.00 promissory note dated November 10, 1955, executed by defendants and payable to C. A. Bailey and J. E. Phillips, or order, six months after date.

Defendants admit they signed the $975.00 note and have made no payment thereon. They assert, for reasons stated below, they are not obligated for the payment of the $975.00 note and pray that the court order cancellation thereof.

The court submitted, and the jury answered, these issues:

"1. Was the note sued upon delivered upon the condition that it should not become effective as a binding obligation until the second mortgage had been either paid or sold for as much as $4,000.00? ANSWER: Yes.

"2. What amount, if any, is plaintiff entitled to recover from the defendants? ANSWER: Nothing."

There was evidence tending to show these facts: An exchange of (real) properties was negotiated by J. E. Phillips, acting for Mrs. Emma George, and by plaintiff, acting for defendants. In the trade, a valuation of $6,500.00 was put on the George property and a valuation of $13,000.00 was put on the Westmoreland property. Each property was encumbered by a deed of trust. The difference in equity values was $5,589.25. In acquiring the Westmoreland property, Mrs. George assumed the outstanding building and loan deed of trust; and, as balance purchase price, she executed and delivered to the Westmorelands her note for $5,914.25, secured by a second lien deed of trust, payable $50.00 per month. Mrs. George, who had no money, increased the amount of her note to the Westmorelands by $325.00, the amount of Phillips' commission.

Plaintiff sued as sole owner and holder of the $975.00 note. There was evidence that he had purchased Phillips' interest therein. Phillips died prior to the trial.

Defendants alleged that, in accordance with their prior agreement with plaintiff and Phillips, they signed and delivered the $975.00 note

on the express condition that it was not to be effective as a binding obligation unless and until (1) they sold (as plaintiff represented he could do) the $5,914.25 George note for as much as $4,000.00, or (2) the $5,914.25 George note was paid. Plaintiff, in reply, denied defendants' said allegations, alleging that the $975.00 note was defendants' unconditional obligation, representing the $325.00 commission due Phillips and the $650.00 commission due plaintiff.

The $5,914.25 note was not sold. After making eight payments of $50.00 each thereon, Mrs. George defaulted; and a foreclosure of the second deed of trust was consumated in December, 1956. Westmoreland's bid of $2,700.00 was assigned by him to the Hiatts. The Hiatts paid $1,625.00 to the Trustee. After the deduction of taxes and foreclosure expenses, the Westmorelands received about $1,250.00. The Trustee conveyed the property, subject to the prior building and loan deed of trust, to the Hiatts.

Judgment for defendants, in accordance with the verdict, was entered. Plaintiff excepted and appealed, assigning errors.

*Buford T. Henderson and Abner Alexander for plaintiff, appellant.*
*Clyde C. Randolph, Jr., for defendants, appellees.*

BOBBITT, J. Assignments of error directed to the overruling of plaintiff's motion to dismiss defendants' alleged affirmative defense, and to the submission of the first issue, are based on plaintiff's contention that the court erred in permitting defendants to establish their affirmative defense *by parol evidence.*

The parol evidence rule, upon which defendants' contention is based, "prohibits the admission of parol evidence to vary, add to, or contradict a written instrument." Stansbury, North Carolina Evidence, § 251. However, "The parol evidence rule presupposes the existence of a legally effective written instrument. It does not in any way preclude a showing of facts which would render the writing inoperative or unenforceable." Stansbury, *op. cit.,* § 257.

". . . the rule excluding parol evidence has no place in an inquiry unless the court has before it some ascertained paper beyond question binding and of full effect. Hence, parol evidence is admissible to show conditions precedent, which relate to the delivery or taking effect of the instrument, as that it shall only become effective on certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed; . . ." 32 C. J. S., Evidence

§ 935. In accord: 20 Am. Jur., Evidence § 1095; 8 Am. Jur., Bills and Notes §§ 1051 and 1052; Wigmore on Evidence, Third Edition, § 2410; Stansbury, *op. cit.*, § 257.

In *Overall Co. v. Hollister Co.*, 186 N.C. 208, 119 S.E. 1, STACY, J. (later C. J.), after stating the parol evidence rule, said: "On the other hand, if defendant's purpose was to show a condition precedent, prior to the happening of which it was agreed the contract should not become effective or operative, the proposed evidence was competent, and it was error to exclude it. *Building Co. v. Sanders,* 185 N.C. 328, and cases there cited. 'The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced.' DEVENS, J., in *Wilson v. Powers*, 131 Mass. 539."

In *Perry v. Trust Co.*, 226 N.C. 667, 40 S.E. 2d 116, where DEVIN, J. (later C. J.), cites numerous prior North Carolina decisions, the rule stated and applied is correctly set forth in the third headnote, *viz.:* "As between the parties, the maker of negotiable notes under seal purporting on their face to be for 'value received' is not precluded from showing that their delivery was conditioned upon a contingency which had not been fulfilled, or that they were given upon a condition which failed, or that there was a failure of consideration."

Parol evidence offered by defendants in support of their alleged affirmative defense, to the effect that they signed and delivered the $975.00 note upon the express condition that it was not to become effective or operative as a binding obligation unless they received $4,000.00 or more from the sale or collection of the $5,914.25 George (second lien) note and that neither of these contingencies occurred, was not incompetent as violative of the parol evidence rule. Hence, the court was corect in overruling plaintiff's said motion to dismiss and in submitting the first issue.

The parol evidence, in large measure, consists of testimony of the defendants as to what was said and done *by plaintiff* in their personal transactions with him. This testimony, properly admitted, was amply sufficient to sustain the verdict.

Even so, plaintiff assigns as error the admission, over his objection, of testimony of the *feme* defendant as to statements made to her by Phillips, in the absence of plaintiff, immediately prior to her signing the $975.00 note and her delivery thereof to Phillips. The statements made by Phillips in said personal transaction with the *feme* defendant, according to her testimony, tend to support the

testimony given by each defendant at the trial and to contradict the testimony given by plaintiff at the trial.

Plaintiff contends that, since Phillips was dead at the time of the trial, the *feme* defendant, an interested party, by reason of G.S. 8-51, was not a competent witness to testify as to such transaction and communication.

The question raised by plaintiff's said contention is complicated by the fact that the $975.00 note was made payable to both plaintiff and Phillips. In respect of Phillips' original ($325.00) interest, plaintiff sues as Phillips' assignee.

"Where the statute (G.S. 8-51) makes express provision for the protection of an assignee of decedent, testimony of an interested witness as against such assignee is excluded." 97 C. J. S., Witnesses § 208(b); Jones on Evidence, Fourth Edition, § 773, p. 1410; Stansbury, *op. cit.*, § 71; *McCanless v. Reynolds*, 74 N.C. 301; *Tobacco Co. v. McElwee*, 100 N.C. 150, 5 S.E. 907; *Poston v. Jones*, 122 N.C. 536, 29 S.E. 951.

If this were an action on a $325.00 note, executed and delivered by defendants to Phillips as sole payee and thereafter assigned by Phillips to plaintiff, said testimony of the *feme* defendant as to what was said and done by Phillips would be incompetent. However, plaintiff's action is to recover the full amount of the $975.00 note; and, in respect of the larger ($650.00) interest, plaintiff was original payee.

According to plaintiff's testimony: The $975.00 note was signed by Mr. Westmoreland in the presence of plaintiff and of Phillips. Phillips then took it to Mrs. Westmoreland and obtained her signature thereon. After Mrs. Westmoreland had signed it, Phillips brought the $975.00 note back to plaintiff.

According to the *feme* defendant's testimony: When Phillips brought the $975.00 note to her, she first telephoned plaintiff; and she did not sign the $975.00 note until she had received assurances from plaintiff (by telephone) and from Phillips in person that defendants would not be obligated thereon except upon the happening of the contingencies heretofore stated.

Thus, the evidence clearly shows that, certainly in respect of plaintiff's original ($650.00) interest, Phillips, on the occasion of his said personal transaction with the *feme* defendant, was acting as plaintiff's agent. G.S. 8-51 does not render an interested witness incompetent to testify "to a transaction between himself and a deceased agent of his opponent." Stansbury, *op. cit.*, § 74; *Sprague v. Bond*, 113 N.C. 551, 18 S.E. 701; *Gwaltney v. Assurance Society*, 132 N.C.

925, 44 S.E. 659; *Walker v. Cooper,* 159 N.C. 536, 75 S.E. 727; *Bank v. Wysong & Miles Co.,* 177 N.C. 284, 98 S.E. 769.

Technically, to the extent ($325.00) plaintiff sues as Phillips' assignee, the *feme* defendant's said testimony would be incompetent. But this testimony would be competent to the extent ($650.00) plaintiff sues as original payee.

Plaintiff elected to sue for the full amount of the $975.00 note. When competent in relation to plaintiff's original ($650.00) interest, the fact that plaintiff seeks also to recover the assigned ($325.00) interest is not deemed sufficient ground for the exclusion of the *feme* defendant's said testimony. Moreover, it is not a "ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks, at the time of admission, that its purpose shall be restricted." Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 544, 558.

It is noted: Plaintiff testified that Phillips rented an office from him; and that, when he bought Phillips' interest in the $975.00 note, Phillips gave him "a little discount on it." As stated by plaintiff: "He (Phillips) said he needed some money. I gave him credit on his rent, is what it was; I don't remember just exactly how much credit I gave him."

The admission of said testimony of the *feme* defendant, under the circumstances disclosed by this record, does not constitute prejudicial error for which a new trial should be awarded.

Plaintiff's other assignments of error, each of which has been considered, do not disclose prejudicial error.

No error.

HIGGINS, J., took no part in the consideration or decision of this case.