VAN HARRIS REALTY, INC. v. JAMES D. COFFEY AND WIFE, KAREN P. COFFEY

No. 7811DC648

(Filed 1 May 1979)

**Evidence § 32.2— written contract granting exclusive right to sell realty—parol evidence varying terms of contract**

   Where a written contract gave plaintiff broker the exclusive right to sell certain real estate for defendants, the parol evidence rule rendered inadmissible evidence offered by defendants that the parties had agreed just before or simultaneously with the written contract that another broker also had the right to sell the property and that the broker who made the sale would receive the commission.

APPEAL by defendants from *Pridgen, Judge*. Judgment entered 27 February 1978 in District Court, LEE County. Heard in the Court of Appeals 3 April 1979.

   Plaintiff filed this civil action alleging that defendants gave it a written exclusive right to sell certain real estate for defendants. Plaintiff further alleged that: It promptly undertook to sell the property and expended substantial time and money attempting to find a purchaser; prior to termination of their contract, defendants orally engaged Wayne Spivey, another real estate broker, to help sell their property; Wayne Spivey sold the property for defendants for $59,000; defendants breached their contract with plaintiff and plaintiff has been damaged in the amount of $2,950, being 5% of the purchase price as provided in the contract.

   Defendants alleged as follows: That they signed a "non-exclusive" listing of their house with plaintiff; that Wayne Spivey also had the right to sell the house and that this was known to

plaintiff at the time of the listing; that Wayne Spivey did sell the house for $59,000 and therefore the plaintiff is not entitled to any commission; that they initially gave an "exclusive listing" to Wayne Spivey to sell the house but that plaintiff, through its president, pressured defendants to permit his company to list the residence for sale; that, at defendants' request, Wayne Spivey waived the exclusive sales agreement and both plaintiff and Wayne Spivey were, to the knowledge of each other, offering to sell the residence and each had the privilege of selling it; that the commission on the sale of the residence was to be paid to the seller of the real estate; that plaintiff at no time procured a ready, willing or able purchaser, nor did plaintiff perform or otherwise comply in good faith with the terms of the listing; that plaintiff is entitled to recover nothing of defendants.

At trial, plaintiffs introduced the written contract into evidence which was entitled, "EXCLUSIVE RIGHT TO SELL CON-TRACT TO VAN· HARRIS REALTY, INC." Plaintiff's president testified that he undertook to sell the property by advertising it and showing it to prospects. On cross-examination, the court ruled that the witness could not testify as to the conversation he and the male defendant had with respect to Spivey having the right to sell the property. In his answer, given for the record, plaintiff's president testified that the male defendant told him that Spivey was a good friend of his and had been attempting to sell the house for close to a year and had been unsuccessful. Further, that the male defendant would like for Spivey to be able to sell the house but that he explained to the male defendant that he was signing an exclusive right to sell to plaintiff and that plaintiff was the only company that could sell it. If Spivey wanted to continue to "show it" and if he were to have an offer on it, he could bring it to plaintiff and he would take it under advisement and would consider "co-brokering" the property with Spivey. This conversation took place before any signature was placed on the contract.

The male defendant then testified that he and his wife signed the contract with plaintiff but thereafter sold the house for $59,500 and that they did not pay plaintiff any commission after the property was sold. The trial court then ruled that the witness could not testify as to any conversation between him and plaintiff's president which took place prior to the signing of the contract. In his answer, given for the record, the witness testified

that he told plaintiff's president that he would sign the agreement if Spivey would have the right to sell the house also and that Spivey would get the commission if he sold the house and plaintiff would get the commission if it sold the house. The witness testified that plaintiff's president said "fine" and the papers were thereafter signed.

Wayne Spivey testified for the defendant that he sold the property and was not aware that plaintiff had any exclusive listing on the property. His understanding was that he received the commission if he sold the property and plaintiff received the commission if it sold the property.

The trial court entered findings of fact and conclusions of law in pertinent part as follows: That defendants had given plaintiff an exclusive right to sell the defendants' property and defendants were required to pay plaintiff the 5% commission if defendants' property was sold during the listing period irrespective of the party effectuating the sale; that the sale was in fact effected during the listing period and defendants are therefore liable to plaintiff for the full commission of 5% or $2,975; that "defendants could not present evidence relating to conversations prior to or contemporaneous with the execution of plaintiff's Exhibit No. 1 [the contract] that tended to add to, vary, or contradict said exhibit, since to do so would contravene the Parol Evidence Rule."

Defendants appealed.

*J. D. Moretz, for plaintiff appellee.*

*Hoyle & Hoyle, by J. W. Hoyle, for defendant appellants.*

CARLTON, Judge.

Defendants' several assignments of error result in a single question presented by this appeal: Did the trial court properly apply the parol evidence rule to certain testimony proffered by the defendants?

Plaintiff introduced a written contract signed by defendants in which defendants gave plaintiff an exclusive right to sell certain real estate. Defendants thereafter attempted, through oral testimony, to prove an oral agreement between the parties entered into just before or simultaneously with the written con-

tract which would establish a different understanding of the parties. The alleged oral agreement would establish that the true understanding between the parties was that another real estate broker had the right to sell the real estate for the defendants also and the broker who made the sale would receive the commission. The trial court properly excluded the testimony on the ground that it would "vary or contradict [the written agreement], and would contravene the Parol Evidence Rule."

The parol evidence rule, as frequently phrased, prohibits the admission of parol evidence to vary, add to, or contradict a written instrument. It is most often referred to as a rule of evidence but actually is one of substantive law. In substantive terms, the rule is stated as follows: "Any or all parts of a transaction prior to or contemporaneous with a writing intended to record them finally are superseded and made legally ineffective by the writing." 2 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 251, p. 234.

There are numerous exceptions to the parol evidence rule. Stansbury, *supra*, § 252 *et seq.*; 6 Strong, N.C. Index 3d, Evidence, § 32, p. 88 *et seq.* Defendants argue that this action falls within one of those exceptions, to wit, that

> parol evidence is admissible to show conditions precedent, which relate to the delivery or taking effect of the instrument, as that it shall only become effective on certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed. *Bailey v. Westmoreland*, 251 N.C. 843, 845, 112 S.E. 2d 517 (1960).

We do not believe defendants correctly perceive the exception stated in *Bailey*. There, in an action to recover a promissory note, the makers' evidence to the effect that they had signed and delivered the note upon the express condition that the same was not to become operative as a binding obligation unless the makers received a certain sum for the sale or collection of a particular note and that neither of these conditions occurred, was held admissible as not being violative of the parol evidence rule. This is sometimes referred to as the doctrine of "conditional delivery" and provides essentially that parol evidence may be introduced to

*Realty, Inc. v. Coffey*

show that the instrument was not to become legally effective until the happening of some condition precedent. Stansbury, *supra*, § 257.

Defendants cite various other cases in support of the conditional delivery doctrine. *Bailey* and other cases cited by defendants are, however, clearly distinguishable from the case *sub judice*. Those cases establish the proposition that parol evidence may be introduced to show a condition precedent which precludes the contract from becoming effective *until the condition happens*. Moreover, those conditions are not normally in contradiction with the written contract. Here, however, the proffered oral evidence would not have established a condition precedent which, until it happened, would have precluded the contract from becoming effective. Indeed, had the "happening" envisioned by the parol evidence in this case taken place, the contract would never have become effective. Moreover, the parol evidence in the case at bar is in direct contradiction to that in the written contract. The facts before us, therefore, clearly do not fit into the conditional delivery doctrine enunciated by *Bailey* and other cases.

We have examined the other exceptions to the parol evidence rule and find that none of them here apply. We concede that the decisions in this and other jurisdictions have not been wholly consistent in applying the parol evidence rule. However, the factual situation here presented involves parol evidence which directly contradicts the provisions of the written instrument. We believe the parol evidence rule evolved to lend stability to written contracts and prevent their upheaval in situations precisely like this.

For the reasons stated, we hold that the trial court properly excluded the proffered parol evidence and the decision of the lower court is therefore

Affirmed.

Judges PARKER and HEDRICK concur.