OAK ISLAND SOUTHWIND REALTY, INC. v. RALPH EDWARD PRUITT AND
WIFE, BETTY B. PRUITT

No. 8713DC579

(Filed 5 April 1988)

1. **Brokers and Factors § 6.6— exclusive listing contract—purchaser procured by homeowner—right to commission—evidence of oral contract inadmissible**

     In an action to recover on an exclusive listing contract between the parties for the sale of defendants' real estate, the trial court properly entered summary judgment for plaintiff against defendant husband where defendant contended that the parties entered into an oral contract before the written contract was signed whereby defendants were not required to pay plaintiff a commission upon a sale of the property which was solely generated by the efforts of defendants, but evidence of the oral contract would not be admissible at trial because it was parol evidence tending to contradict the provisions of the written contract; the written contract was the only competent evidence on plaintiff's motion for summary judgment; and the written contract was without ambiguity.

2. **Rules of Civil Procedure § 56.1— summary judgment—failure to serve notice**

     Summary judgment for plaintiff against defendant wife was improper where plaintiff did not serve notice of his summary judgment motion at least ten days before hearing as required by N.C.G.S. § 1A-1, Rule 56(a).

APPEAL by defendants from *Hooks, Judge.* Order entered 10 March 1987 in District Court, BRUNSWICK County. Heard in the Court of Appeals 28 March 1988.

This is a civil action wherein plaintiff seeks to recover at least $11,000.00 from defendants pursuant to an exclusive listing contract between the parties for the sale of defendants' real estate. The record shows that on 7 December 1985 plaintiff and defendants entered into a written contract which provided that plaintiff should have the exclusive right and privilege for a period of six months to attempt to find a purchaser of certain property owned by defendants. Within the six month period the property was sold by defendants to a third party not procured by plaintiff. Defendants refused to pay the commission of 10% of the gross purchase price to plaintiff, contending that pursuant to an oral agreement made before the written contract was signed defendants were not required to pay plaintiff a commission upon a sale of the property that was solely generated by the efforts of defendants.

Plaintiff moved for summary judgment. The trial judge granted plaintiff's motion on 10 March 1987 and ordered defendants to pay $11,000.00 together with the costs of the action. Defendant Ralph Edward Pruitt gave notice of appeal in open court. Defendant Betty B. Pruitt did not appear at the hearing on the motion for summary judgment or perfect her appeal to this Court, but her petition for writ of certiorari was allowed by this Court on 4 December 1987.

*Prevatte, Prevatte & Peterson, by James R. Prevatte, Jr., and Kenneth R. Campbell, for plaintiff, appellee.*

*Frink, Foy, Gainey & Yount, P.A., by A. H. Gainey, Jr., for defendant, appellant Ralph Edward Pruitt.*

*Whitesides, Robinson and Blue and Wilson, by Henry M. Whitesides, for defendant, appellant Betty B. Pruitt.*

HEDRICK, Chief Judge.

[1]   We first consider the appeal of defendant Ralph Pruitt. He contends the trial court erred in entering summary judgment for plaintiff, arguing that the record discloses a genuine issue of material fact as to the existence of an oral contract.

The North Carolina Supreme Court has held that:

[S]ummary judgment may be granted for a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate.

*Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976). Where the movant is the party with the burden of proof he must still succeed on the basis of his own materials in order to be entitled to summary judgment. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976).

Defendant Ralph Pruitt argues that although the parol evidence rule prohibits the admission of evidence of prior or contemporaneous agreements or negotiations to contradict the terms of a

writing when such writing is the final and complete expression of an agreement, evidence is admissible to show that the writing was not intended as a final expression of the parties. Defendant Ralph Pruitt contends the question of whether the oral contract between defendants and plaintiff was superseded by the written contract is a question that must be answered by examining the conduct and language of the parties and is a genuine issue of material fact which must be decided by a jury.

The parol evidence rule is a substantive rule of law and is stated as follows: "Any or all parts of a transaction prior to or contemporaneous with a writing intended to record them finally are superseded and made legally ineffective by the writing." 2 Brandis, North Carolina Evidence (Second Rev. 1982), Sec. 251, p. 267. *See also Realty, Inc. v. Coffey*, 41 N.C. App. 112, 115, 254 S.E. 2d 184, 186 (1979). When a final writing is executed or "integrated" all prior or contemporaneous negotiations or agreements, whether written or oral, are said to be "merged" into the writing. The writing then becomes the exclusive source of the parties' rights and obligations with respect to the particular transaction. 2 Brandis, North Carolina Evidence (Second Rev. 1982), Sec. 251, pp. 267-68.

The facts of *Realty, Inc. v. Coffey*, 41 N.C. App. 112, 254 S.E. 2d 184 (1979) are similar to the facts in the present case. There plaintiff, a realty company, filed an action to recover a commission from the sale of certain real estate owned by defendants pursuant to a written exclusive listing contract. Defendants had allowed a second broker to sell the property and refused to pay plaintiff a commission. Defendants attempted to contradict the written listing contract with evidence that plaintiff and defendants had allegedly reached an agreement before the written contract was signed, to the effect that defendants could use a second broker and would not be liable to plaintiff if the second broker was the first to find a buyer.

The Court held that since the factual situation presented parol evidence which directly contradicted the provisions of the written instrument and none of the exceptions to the rule applied, the trial court properly excluded the parol evidence. The Court further stated that "the parol evidence rule evolved to lend stability to written contracts and prevent their upheaval in situations precisely like this." *Id.* at 116, 254 S.E. 2d at 186.

In the present case, defendant Ralph Pruitt in his affidavit, states that there was an oral agreement between plaintiff and defendants entered into at the time of the signing of that written contract, that defendants would not have to pay a commission if defendants sold the property themselves. Plaintiff's agent, Elizabeth Rose, on the other hand, in her affidavit states that in her capacity as an officer of Oak Island Southwind Realty, Inc. she entered into an exclusive right to sell contract with defendants wherein plaintiff agreed to market certain properties of defendants with the understanding that the company would be compensated for its efforts as provided in the written contract. Thus, it is true that there is a genuine issue as to whether there was an oral agreement to the effect that if defendants sold the property plaintiff would get no commission. Even assuming that there is such a genuine issue, evidence of the oral agreement would not be admissible at trial. As in *Realty, Inc. v. Coffey*, 41 N.C. App. 112, 254 S.E. 2d 184 (1979) the evidence of the oral agreement is parol evidence tending to contradict the provisions of the written contract. Here, the written contract was the only competent evidence on plaintiff's motion for summary judgment. The executed written contract expressly states that Oak Island Southwind Realty, Inc. is "hereby granted the exclusive right, for a period of 6 months, to and including June 7, 1986, to sell the said property. . . ." Therefore, plaintiff's evidence in support of its motion for summary judgment is prima facie on its face, without any ambiguity. Summary judgment for plaintiff against defendant Ralph Pruitt was proper and will be affirmed.

[2] Next, we consider whether summary judgment for plaintiff against defendant Betty Pruitt was proper. This defendant filed no answer. The answer filed by Ralph Pruitt did not purport to be an answer for Betty Pruitt. Plaintiff did not seek a default judgment against defendant Betty Pruitt but undertook instead to seek summary judgment against her under Rule 56 of the North Carolina Rules of Civil Procedure.

Rule 56(a) provides:

> For Claimant. A party seeking to recover upon a claim, counterclaim, or crossclaim or to obtain a declaratory judgment may, at any time after the expiration of 30 days from the commencement of the action or after service of a motion

for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

Rule 56(c) states that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." The notice required by Rule 56 is procedural notice as distinguished from constitutional notice required by the law of the land and due process of law. *Raintree Corp. v. Rowe*, 38 N.C. App. 664, 248 S.E. 2d 904 (1978). Thus we hold that under the circumstances of this case it was incumbent upon plaintiff to serve notice to defendant Betty Pruitt pursuant to Rule 4 of the North Carolina Rules of Civil Procedure. Betty Pruitt was and is a resident of North Carolina. Therefore she could have been served with notice of plaintiff's motion for summary judgment pursuant to Rule 4(j)(1). Plaintiff apparently did undertake to have defendant Betty Pruitt served pursuant to Rule 4(j)(1) which states that the manner of service of process upon a natural person shall be as follows:

> a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or

> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

The record does not disclose that notice was sent to Betty Pruitt's dwelling house or usual place of abode and left with a person of suitable age and discretion. There is nothing in the record to indicate that notice was addressed and mailed to Betty Pruitt and delivered to the addressee. There is also nothing in the record to show that notice was served on Betty Pruitt by delivering a copy to an agent authorized by appointment or by law. The receipt for certified mail included in the record states

that notice was sent to Ms. Betty B. Pruitt in care of McBess Industries. The record does not disclose that McBess Industries was an agent of defendant Betty Pruitt. Furthermore, the record does not show that this receipt was signed by defendant Betty Pruitt or McBess Industries. Thus, we hold that defendant Betty Pruitt did not have proper notice of plaintiff's motion for summary judgment, and the judgment against her must be vacated. With respect to the propriety of attempting to obtain summary judgment against a party who has not filed an answer without first obtaining a default judgment under Rule 55 of the North Carolina Rules of Civil Procedure see *Real Estate Trust v. Debnam*, 299 N.C. 510, 263 S.E. 2d 595 (1980).

The judgment for plaintiff against defendant Ralph Pruitt is affirmed; judgment against defendant Betty Pruitt is vacated, and the cause is remanded for further proceedings.

Affirmed in part and vacated and remanded in part.

Judges PHILLIPS and EAGLES concur.