COOPER v. MARWIL, INC.

[94 N.C. App. 335 (1989)]

FRANCES F. COOPER, D/B/A PROMISE LAND REALTY v. MARWIL, INC.,
MARY D. McNEILL, AND WILLIAM F. GASKINS, JR.

No. 883SC1099

(Filed 20 June 1989)

1. **Brokers and Factors § 1.1; Corporations § 10— extension of real estate listing contract—power of secretary-treasurer to bind corporation**

   There was no merit to defendants' argument that an extension of a real estate listing contract was not binding on defendant corporation, since the original contract was executed by one defendant acting for and on behalf of the corporation; from its plain language, the extension merely extended the original contract and incorporated its terms; the property which was to be sold was owned by the corporation; the only inference which could be drawn was that when the other defendant signed the extension, she was acting in her capacity as secretary-treasurer and intended to bind the corporation; and the corporation benefited from the services rendered by plaintiff in locating a purchaser for the property and was thus estopped to deny that it was a party to the agreement as extended.

2. **Brokers and Factors § 6— amount of commission—parol evidence inadmissible**

   The trial court properly entered summary judgment for plaintiff on her claim for real estate commissions where the facts taken in the light most favorable to defendant showed that on 21 December 1987, the parties executed an extension of the exclusive listing agreement incorporating the terms of the original listing agreement, including a 6% commission for plaintiff; defendants sold the property on 5 February 1988, during the period of the extended exclusive listing contract; and absent evidence of fraud or mistake, the parol evidence rule would prevent defendants from introducing the negotiations occurring during September 1987 in which plaintiff allegedly agreed to accept a $50,000 commission.

APPEAL by defendants from *Reid (David E., Jr.), Judge*. Judgment entered 5 August 1988 in Superior Court, CARTERET County. Heard in the Court of Appeals 19 April 1989.

COOPER v. MARWIL, INC.

[94 N.C. App. 335 (1989)]

In this civil action, plaintiff, a real estate broker doing business in Carteret County, North Carolina, seeks to recover commissions on the sale of real property. Defendants William F. Gaskins, Jr. and Mary D. McNeill are the sole stockholders in defendant corporation Marwil, Inc.

On 22 June 1987 defendant corporation entered into an exclusive listing agreement with plaintiff to sell a tract of defendant corporation's land on which was located a campground and marina. Under the terms of the agreement plaintiff had "the exclusive right, for a period of six months, to and including 21 December 1987, to sell the said property for the price of $4 million . . . or any other price or form of payment suitable to [defendant]." The agreement further provided that if plaintiff "[produced] a purchaser who is ready, willing and able to purchase the property on the terms described above or if the property is sold or exchanged by [plaintiff], [defendant], or by any other party before the expiration of this listing, on any terms acceptable to [defendant], or within 60 days after the expiration of this agreement to any party with whom [plaintiff] or any member of the Multiple Listing Service has negotiated as a prospective purchaser, [defendant agrees] to pay [plaintiff] a fee of 6%."

Plaintiff procured a prospective purchaser, Fred M. Bunn, and negotiations for the property began. In September 1987 defendants and plaintiff made an oral agreement that plaintiff would accept $50,000.00 in lieu of her commission in exchange for which defendant corporation would accept Mr. Bunn's offer of $3,150,000.00 for its property. Subsequent to this oral agreement, defendant corporation and Mr. Bunn entered into an option to purchase defendants' property. On 21 December 1987 the option agreement between defendant corporation and Mr. Bunn was extended through 22 January 1988. Also on 21 December 1987 defendants extended the exclusive listing agreement with plaintiff.

On 22 January 1988, Mr. Bunn exercised his option to purchase the property. The transaction closed on 5 February 1988. At closing defendants refused to pay plaintiff her 6% commission claiming that she had orally agreed to accept $50,000.00. Plaintiff filed this civil action to recover her commission. The individual defendants signed an agreement to be individually liable for any judgment rendered in the cause. Plaintiff moved for summary judgment, and after hearing on the motion, the court entered summary judgment in plaintiff's favor. Defendants appeal.

*Bennett, McConkey, Thompson, Marquardt & Wallace, P.A., by Thomas S. Bennett, for plaintiff-appellee.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C. R. Wheatly, III, for defendant-appellants.*

PARKER, Judge.

Defendants contend that the trial court erred in entering summary judgment for plaintiff for the reason that there was a genuine issue of material fact as to whether the parties agreed that plaintiff would receive a 6% commission or $50,000.00 for procuring a purchaser. Defendants argue that after entering into the exclusive listing contract the parties modified their written contract by a parol agreement. Defendants also assert that the 21 December 1987 extension was not binding on the corporation because it was signed by Mary D. McNeill without any indication that it was signed in her corporate capacity.

Plaintiff does not deny that she and defendants discussed her accepting $50,000.00 in lieu of the commission specified in the June 1987 contract. Plaintiff argues that evidence of the oral agreement is inadmissible under the parol evidence rule in that the parties executed a written agreement on 21 December 1987 which renewed and extended the terms of the original contract without incorporating the intervening oral agreement.

[1]  We first consider defendants' argument that the 21 December 1987 extension was not binding on the corporation. On that date defendants Gaskins and McNeill were the sole shareholders and officers of defendant corporation. Defendant Gaskins was president; defendant McNeill was secretary-treasurer. According to plaintiff's uncontradicted affidavit, the parties met at First Citizens Bank & Trust Company in Atlantic Beach, North Carolina. In the presence of both defendant Gaskins and defendant McNeill, plaintiff requested that the exclusive right of sale contract be extended, and defendant McNeill and plaintiff executed the extension at the bottom of the original contract. This extension stated: "This contract is hereby renewed and extended upon the same exclusive right-to-sell terms and conditions for a period of 180 days from 21 December 1987."

An agreement extending the time for performance of a contract merely supplements the original agreement; it does not supersede or change the terms in other respects. 17 Am. Jur.

2d *Contracts* § 471 (1964). Furthermore, a contract need not be signed in the name of the corporation to bind it, if that was the intention of the parties. 18B Am. Jur. 2d *Corporations* § 1668 (1985). In the present case there is no contention that the original contract was not executed by defendant Gaskins acting for and on behalf of the corporation. From its plain language, the extension merely extended the original contract and incorporated its terms. The property which was to be sold was owned by the corporation. Under these circumstances the only inference that can be drawn is that when defendant McNeill signed the extension she was acting in her capacity as secretary-treasurer and intended to bind the corporation. In *Fountain v. Lumber Co.*, 161 N.C. 35, 38, 76 S.E. 533, 535 (1912), our Supreme Court stated: "We think where the president deals directly in reference to his corporation's property, since he has no lawful right to deal with it individually, there should be a presumption that he acted lawfully, and in behalf of the corporation."

Finally, we note that the corporation benefited from the services rendered by plaintiff in locating a purchaser for the property. Having received this benefit with full knowledge of the extension of the exclusive listing contract, defendant corporation is estopped to deny that it is a party to the agreement as extended. *See Whitten v. AMC/Jeep, Inc.*, 292 N.C. 84, 231 S.E. 2d 891 (1977); *Brinson v. Supply Co.*, 219 N.C. 498, 14 S.E. 2d 505 (1941).

[2] We next address the effect, if any, of the oral modification on the written extension of the original exclusive listing contract. Defendants assert that the parties orally modified their original contract in September 1987 by defendant corporation agreeing to sell the land for $3,150,000.00 and plaintiff agreeing to accept a $50,000.00 commission. Thereafter on 22 September 1987 defendant corporation entered into a contract with Mr. Bunn whereby Mr. Bunn purchased an option on defendant's land. When defendant corporation executed the extension of the exclusive listing agreement on 21 December 1987, Mr. Bunn had not yet exercised his option to purchase the property, but had only purchased an extension of his option.

The rule in North Carolina is that when a written agreement is executed, all prior or contemporaneous agreements are merged so that the writing becomes the exclusive source of the parties' rights and obligations with regard to the transaction. *Oak Island*

## COOPER v. MARWIL, INC.

*Southwind Realty, Inc. v. Pruitt,* 89 N.C. App. 471, 473, 366 S.E. 2d 489, 490 (1988); *see also Neal v. Marrone,* 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953); *Realty, Inc. v. Coffey,* 41 N.C. App. 112, 115, 254 S.E. 2d 184, 186 (1979). Thereafter, no parol evidence of prior or contemporaneous conversations is admissible to contradict the provisions of the written instrument absent an allegation of fraud or mistake. *Neal v. Marrone,* 239 N.C. at 77, 79 S.E. 2d at 242; *Whitehurst v. FCX Fruit and Vegetable Service,* 224 N.C. 628, 32 S.E. 2d 34 (1944). *See also Clifford v. River Bend Plantation, Inc.,* 312 N.C. 460, 464, 323 S.E. 2d 23, 25 (1984).

Defendants' answer alleges that plaintiff did not deal fairly with defendants, but defendants have failed to forecast evidence of mistake or fraud. Although defendants submitted the affidavit of defendant Gaskins in opposition to plaintiff's motion for summary judgment, the affidavit contains no evidence of fraud or mistake.

On appellate review of a summary judgment, the evidence must be viewed in the light most favorable to the non-movant. *Sharpe v. Quality Education, Inc.,* 59 N.C. App. 304, 307, 296 S.E. 2d 661, 662 (1982). A plaintiff as the moving party has the burden of proof and is entitled to summary judgment where (i) he establishes that all of the facts on all of the essential elements of his claim are in his favor and that there is no genuine issue of material fact with regard to any essential element of his claim and (ii) the opposing party fails to show in response that a genuine issue of material fact exists or an excuse for not so showing. *Development Corp. v. James,* 300 N.C. 631, 268 S.E. 2d 205 (1980).

In the present case the facts taken in the light most favorable to defendant show (i) that on 21 December 1987 the parties executed an extension of the exclusive listing agreement incorporating the terms of the original listing agreement, including a 6% commission for plaintiff, and (ii) that defendants sold the property on 5 February 1988, during the period of the extended exclusive listing contract. Absent evidence of fraud or mistake the parol evidence rule would prevent defendants from introducing the negotiations occurring during September 1987 in which plaintiff allegedly agreed to accept a $50,000.00 commission. On these facts there is no genuine issue as to defendants' obligation to pay plaintiff her 6% commission. The trial court therefore correctly granted plaintiff's motion for summary judgment.

Affirmed.

Judges PHILLIPS and COZORT concur.