HORACE M. NEAL AND RAY WALTERS v. JAMES MARRONE.

(Filed 16 December, 1953.)

1. **Evidence § 39—**

Where a contract is not required to be in writing it may be partly written and partly oral, but in the absence of fraud or mistake evidence of an asserted parol provision is incompetent when such parol provision is inconsistent with the writing or tends to substitute a new and different contract for the one evidenced by the writing, since it will be presumed that the writing was intended to represent all engagements dealt with therein, and merged therein all prior and contemporaneous negotiations.

2. **Same: Brokers § 12—In broker's action on written contract, allegations relating to contemporaneous parol agreement in conflict with writing are properly stricken.**

In a broker's action on a written contract giving him exclusive right to sell at a stipulated price and entitling him to receive as commissions all sums paid by the purchaser in excess of the price stipulated, allegations

to the effect that contemporaneously with the execution of the agreement it was verbally agreed that the writing be modified so as to provide only a 10% commission on the sale price in excess of the price stipulated, *is held* property stricken from the answer on motion of the broker, since the allegations relate to a parol agreement in contradiction of the writing. *Held further:* Other allegations amounting to erroneous conclusions of law that the contract as modified was revocable at will and that the vendor had revoked same after notice because his wife was too infirm to execute deed for her dower interest and because of the vendor's dissatisfaction with the manner in which the broker was handling the matter, were also properly stricken on motion aptly made as extraneous and irrelevant.

**3. Pleadings § 30—**

Upon plaintiff's motion to strike, allegations in the answer setting out a parol agreement in conflict with the writing declared on by plaintiff as well as allegations setting forth erroneous conclusions of law based thereon and allegations not pertinent to any valid defense, are properly stricken on motion. G.S. 1-153.

APPEAL by defendant from *Rudisill, J.,* at August Term, 1953, of UNION. Affirmed.

Suit for specific performance of contract to sell land, heard below on motion of plaintiffs to strike allegations of the defendant's Further Answer and Defense.

These in substance are the material allegations of the complaint:

"2. That both of the plaintiffs are licensed by the State of North Carolina to deal in real estate."

3. That on or about the first day of January, 1953, the defendant executed and delivered to the plaintiffs a contract, copy of which is attached to the complaint and by reference made a part thereof. The contract, in so far as material, is as follows:

"I, James Marrone, Sr., do hereby constitute and appoint Horace M. Neal and Ray Walters, trading as Walters & Neal Realtors, my exclusive agent for a period of one (1) year from date to sell the following described properties belonging to me . . . located in Union County, North Carolina, to wit;

"Seventy and one-half (70½) acres Vance Township; (two other parcels or groups of parcels—not pertinent to decision).

"The authority of said agents is limited as hereinafter set forth: (1) Purchase or selling price of the 70½ acre tract shall be $4,250.00 net to me, James Marrone; (2) (designated purchase price of other parcels included in contract).

"Walters & Neal, by the acceptance of this agreement do hereby promise and agree to use their best efforts to dispose of these properties hereinbefore referred to.

NEAL v. MARRONE.

"James Marrone does agree to make good and sufficient fee simple deed(s) to any purchaser(s) secured by Walters & Neal upon the payment of the purchase price of respective parcels as hereinbefore set forth.

"Any compensation to Walters & Neal for their services in selling said properties shall be determined solely by said Walters & Neal by virtue of their authority to regulate the gross sales price of the respective parcels of land, and the excess of sales price above the hereinbefore recited net return(s) to the property owner, less the costs of such sales, shall constitute their entire compensation.

                    James Marrone (Owner)            (SEAL)
                    Horace M. Neal (Vendor Agt.)     (SEAL)
                    Ray Walters (Vendor Agt.)        (SEAL)

"4. That on or about the 15th of March, 1953, the plaintiffs secured a purchaser for the 70.50-acre tract described in the contract . . . for the price of $4,250.00 and immediately advised the defendant that they had such a purchaser and requested that he prepare and execute a deed for said 70.50-acre tract.

"5. That on the 28th of April, 1953, the plaintiffs again advised the defendant that they had in hand the purchase money therefor; to wit, the sum of $4,250.00, and again called on the defendant to make a deed for said land as he had contracted and agreed to do and this the defendant has neglected and refused to do.

"6. That, acting under the authority . . . given the plaintiffs by the defendant as set out in the contract . . . and acting as agents for the defendant, the plaintiffs have obligated themselves to deliver to the purchaser a good fee simple title to the 70.50-acre tract of land which is described as follows: (Description by metes and bounds omitted as not pertinent to decision.)

"7. That the plaintiffs have duly performed all of the conditions of said agreement on their part and have always been ready and willing and still are ready and willing to fulfill the agreement on their part; and for a good and marketable title of said premises and a proper deed of the fee thereof free from all encumbrances the plaintiffs are willing and hereby offer to pay the purchase price of $4,250.00, but the defendant refused and still refuses to deliver a conveyance of said premises in accordance with the provisions of said agreement.

"8. That by reason of the failure of the defendant to convey said lands as he had contracted and agreed to do the plaintiffs have suffered loss and sustained damages in the amount of $2,750.00."

The prayer for relief is for specific performance, if such can be had; otherwise, for damages in the amount of $2,750.00.

The defendant by answer admits the execution of the written contract but denies plaintiffs' right to recover, on the theory that such contract "is not the whole and complete contract" between the parties. The defendant alleges the entire contract to be as set forth in his Further Answer and Defense, which is as follows:

"1. That the part of the agreement between the plaintiffs and the defendant referred to as Exhibit A in paragraph 3 of the complaint was prepared at the instigation and on instructions of the plaintiffs, and that the plaintiffs procured the same and brought it to the residence of the defendant for the defendant to sign, but that this defendant refused to sign same because said written agreement appointing the plaintiffs as defendant's agents and the amount of remuneration to be received by plaintiffs for acting as defendant's servants or agents was not satisfactory to the defendant and was not in conformity with the oral agreement between the plaintiffs and the defendant; the plaintiffs and the defendant having orally agreed previously, for subsequent reduction to writing, to the effect that the defendant would receive as his minimum net return no less amount than the minimum price set forth in the written agreement which was presented to him for execution and that the plaintiffs would receive as their compensation 10% of the gross sales price whatever the total sales price might be on any respective parcel of property, provided a sum sufficient to pay same was received in excess of the stated minimum to the defendant; that the plaintiffs told the defendant that if he would go ahead and sign the written agreement they would orally amend it to provide that the plaintiffs would account to the defendant for the total sales price of each parcel or lot of land and cause to be paid to the defendant by the purchaser(s) at least the specified minimum amounts and all sums in excess of such specified minimums except the 10% commissions to the plaintiffs, and that the plaintiffs would not receive any sum in excess of 10% of the gross sales prices, and that percentage only in cases where a sufficient gross was received to permit such remuneration to plaintiffs after defendant had received his minimum specified prices; and that the defendant signed said agreement as a part of the whole contract between the plaintiffs and the defendant in reliance upon the supplemental oral agreement as herein set forth; that the defendant is not an educated person and is unable to read, write, or speak English well and was forced to rely upon the statements of the plaintiffs as herein set forth.

"2. That subsequently the plaintiffs sold ten lots embraced by said contract and agreements to Dickerson, Inc., stating to the defendant that they had received from Dickerson, Inc., no sum in excess of the specified minimums of $500.00 per lot plus the commission agreed to be allowed the plaintiffs, but that the plaintiffs failed and refused to give any fur-

ther accounting of the transaction to the defendant and the defendant received checks from Dickerson, Inc., for only the minimum net amount per lot.

"3. That said agency agreement as embodied in the written part together with the oral agreement amending same was an integration into a single unilateral contract without consideration on the part of the plaintiffs and subject to revocation by the defendant at any time upon timely notice.

"4. That the defendant, immediately after the aforementioned sale of lots to Dickerson, Inc., and before the plaintiffs had secured any other offers on his other property, advised the plaintiffs that he was not satisfied with the manner in which the plaintiffs were handling the matter and that because of physical and mental infirmities the defendant's wife was unable to execute a deed for the release of dower and that defendant's brother-in-law and defendant's children had protested any further sale of property without protecting the dower interest of his wife, and that the defendant thereby gave plaintiffs notice of the termination of the agency and offered to pay the plaintiffs a reasonable sum for any services that they had rendered."

The plaintiffs lodged a motion to strike each and all of the paragraphs of the Further Answer and Defense. Judge Rudisill at the end of the hearing concluded the motion should be allowed in its entirety, and entered an order striking all four paragraphs.

To the order so entered, the defendant excepted as to each paragraph stricken and appealed therefrom to this Court, assigning errors.

*Milliken & Richardson for plaintiffs, appellees.*
*E. Osborne Ayscue for defendant, appellant.*

JOHNSON, J. A contract not required to be in writing may be partly written and partly oral. However, where the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent. See *Whitehurst v. FCX Fruit and Vegetable Service,* 224 N.C. 628, 32 S.E. 2d 34; *Insurance Co. v. Morehead,* 209 N.C. 174, 183 S.E. 606; *Miller v. Farmers Federation,* 192 N.C. 144, 134 S.E. 407;

*Mfg. Co. v. McPhail,* 181 N.C. 205, 106 S.E. 672; *Evans v. Freeman,* 142 N.C. 61, 54 S.E. 847; *Moffitt v. Maness,* 102 N.C. 457, 9 S.E. 399; *Ray v. Blackwell,* 94 N.C. 10; Stansbury, North Carolina Evidence, Sec. 253; Wigmore on Evidence, Third Ed., Vol. IX, Section 2430; Restatement of the Law, Contracts, Sections 237, 240, and 241; 20 Am. Jur., Evidence, Sections 1099, 1100, 1137, and 1138; 12 Am. Jur., Contracts, Sec. 235; 32 C.J.S., Evidence, Sec. 851.

In the case at hand the defendant alleges that the entire contract between the parties was partly written and partly oral. He relies upon parol elements allegedly made and agreed upon prior to and contemporaneously with the execution of the written contract. But he does not allege fraud or mistake, nor does he seek reformation or rescission. The parol elements set up in paragraph 1 of the Further Answer and Defense are totally inconsistent with and contradictory of the provisions of the written contract which fix the plaintiffs' compensation and determine the purchase price of the lands. In these crucial particulars the alleged parol elements declared on by the defendant tend to establish an entirely different contract from the one evidenced by the writing. In the absence of allegations of fraud or mistake, any evidence proffered by the defendant in support of such matters would be incompetent. *Mfg. Co. v. McPhail, supra* (181 N.C. 205); *Evans v. Freeman, supra* (142 N.C. 61). It necessarily follows that the allegations of paragraph 1 are extraneous and irrelevant. They were properly stricken. G.S. 1-153; *Spain v. Brown,* 236 N.C. 355, 72 S.E. 2d 918; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412; *Parlier v. Drum,* 231 N.C. 155, 56 S.E. 2d 383.

As to the rest of the Further Answer and Defense, paragraphs 2, 3, and 4, it is noted that the allegations of paragraph 3 are nothing more than erroneous conclusions of law; whereas paragraphs 2 and 4 contain no allegations which are pertinent to or make for a valid defense (G.S. 1-135). All these paragraphs were properly treated by the presiding judge as irrelevant and redundant.

The judgment below is

Affirmed.