WILLIAM H. DIXON v. SEDGEFIELD REALTY COMPANY AND JOSEPH K. LENKOWSKY

No. 7818SC50

(Filed 21 August 1979)

**Evidence § 32.4 — parol evidence — contradiction of price shown in memoranda of agreement**

The trial court erred in permitting plaintiff to contradict with parol evidence the contract price which appears in the parties' written memoranda of their agreement.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 24 August 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals at Winston-Salem 14 November 1978.

This is an appeal by defendants from judgment upon a jury verdict awarding plaintiff $4,275.60 as damages for the uncompensated portion of the reasonable value of dry wall installation services rendered defendants by plaintiff. Plaintiff sued defendants for the unpaid balance of money allegedly due and owing on an express contract, or in the alternative, due and owing as the uncompensated portion of the reasonable value of plaintiff's services rendered to defendants.

The following facts are not in dispute: Plaintiff is a dry wall contractor. In 1972 plaintiff completed installation of sheetrock in 70 apartment units and 8 stairwells of the Sedgefield Garden Apartments, a project then being constructed by the defendants. Plaintiff originally agreed with defendants to do the dry wall work in 121 apartment units. Plaintiff approved a written memorandum dated 10 March 1972 prepared on plaintiff's printed letterhead addressed to "Sedgefield Gardens, Greensboro, N.C." which had typed and written thereon, "Furnish sheetrock labor and Materials for the sum of $59,000.00 as per plans & Specs." After completion of the first 24 units, plaintiff also agreed to dry wall 12 stairwells. At this time, plaintiff and defendant Lenkowsky affixed their signatures to an undated memorandum which reads as follows:

Sedgefield Apartments

My contract price originally was $59,000 for the Labor and Material. The thirteen [this word is lined through and the figures 12 are written above it] stairways have been added to my contract at $488.00 each. This put my contract at the total of $65,344.00 [under this number, 488 is subtracted to get the remainder 64,856 which is initialed WHD] for the complete job.

William H. Dixon (Signature)
Joseph K. Lenkowsky (Signature)

Plaintiffs stopped work after completing 70 apartment units and 8 stairwells for which he received four payments totalling $35,672.80. Statements prepared under plaintiff's own letterhead show that these payments were at the rate of $488.00 per apartment unit completed and $488.00 per stairwell completed.

At trial, plaintiff was permitted to testify over defendants' objections: He originally agreed with defendants to dry wall the apartments for $576.00 per unit. The signed written memorandum quoted above was signed by him "to clarify the stairwell question." Plaintiff did not prepare the document but he read it before he signed. Concerning the payments received, plaintiff testified that he had not approved the statements which had been prepared on his letterheads. He disagreed with the amount of money he received and objected every time, "but when your money is out you got to agree."

The trial court submitted issues to the jury which answered as follows:

1. Did the defendant, Joseph K. Lenkowsky, acting as a partner of Sedgefield Realty Company, enter into a contract with the plaintiff, William H. Dixon, whereby the plaintiff was to be paid for the installation of sheetrock on the Sedgefield Garden Apartments job at an apartment unit price of $576.00 and at a stairwell unit price of $488.00?

ANSWER: No

4. Did the plaintiff and the defendants enter into a contract whereby the plaintiff was to install sheetrock with labor and materials provided by the plaintiff on 121 apartments and 12 stairwells at the Sedgefield Apartments at $488.00 per apartment and $488.00 per stairwell?

ANSWER: No

7. Is the plaintiff entitled to recover from the defendants upon quantum meruit for work, labor and/or services performed?

ANSWER: Yes.

8. What amount of damages, if any, is the plaintiff entitled to recover from the defendants for work, labor and for services performed?

ANSWER: $4275.60

From judgment entered on the verdict, defendants appeal.

Dixon v. Realty Co.

*M. Douglas Berry for the plaintiff appellee.*

*Benjamin D. Haines for the defendant appellants.*

PARKER, Judge.

The sole question to be addressed on this appeal is whether the trial court erred in permitting plaintiff to contradict with parol evidence the contract price which appears in the parties' written memoranda of their agreement. We find that the admission of this evidence was error.

> A contract not required to be in writing may be partly written and partly oral. However, where the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent.

*Neal v. Marrone,* 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953); *see, Craig v. Kessing,* 297 N.C. 32, 253 S.E. 2d 264 (1979).

The contract in this case is not one required to be in writing. However, the memoranda on which appellants rely establish in writing the contract price. The written memoranda do not state the number of units included within that price. However, the number of units was established by plaintiff's own testimony. The one element of their engagement which the parties deliberately put in writing was the contract price. This element cannot be contradicted by parol evidence. There is no allegation or evidence of fraud or mistake but rather, on the contrary, an admission by plaintiff that he approved the first memorandum after it was completed and signed the second after having read it.

The contract price according to plaintiff's own testimony covered 121 apartment units. At the written contract price of

$59,000.00, the unit cost of 121 units very closely approximates $488.00. It was error to permit plaintiff to testify in contradiction of the written memoranda that the parties' agreement was that plaintiff would be paid $576.00 per unit.

New trial.

Judges MARTIN (Robert M.) and ERWIN concur.