JEANNE WEISS v. JAMES ALLEN WOODY AND WIFE MINNIE WOODY

No. 8528SC642

(Filed 1 April 1986)

1. Vendor and Purchaser § 5.1— specific performance—failure to pay full purchase price—sufficiency of pleadings

In an action for specific performance of a contract to convey real property, the pleadings were sufficient to raise an issue as to whether plaintiff had paid

the full purchase price so as to entitle her to specific performance of the contract.

**2. Evidence § 32.4— purchase price for land—acknowledgment of full payment— parol evidence admissible**

Where the parties' contract to convey real property provided that the purchase price was $13,500 and that this amount was paid in full, the acknowledgment of payment could not be attacked for the purpose of invalidating the contract or demonstrating that the purchase price was not $13,500, but parol evidence was admissible to show that the price was not paid in full because the acknowledgment was merely a receipt providing *prima facie* evidence of the amount actually paid.

**3. Vendor and Purchaser § 5.1— specific performance—full payment of purchase price—issue of fact**

In an action for specific performance of a contract to convey real property, the trial court did not err in denying plaintiff's motions for summary judgment and directed verdict since there was a material issue of fact for the trier of fact to resolve—whether the purchase price was paid in full.

APPEAL by plaintiff from *Ferrell, Judge.* Judgment entered 23 January 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 21 November 1985.

*John E. Shackelford for plaintiff appellant.*

*Long, Howell, Parker & Payne, P.A., by Steve Warren, for defendant appellees.*

BECTON, Judge.

This is a civil action brought by plaintiff, Jeanne Weiss, seeking specific performance of a contract for the sale of land.

Defendants James Allen Woody and Minnie Woody entered into a contract to sell a tract of land to Ms. Weiss for $13,500. The contract stated that the purchase price was paid in full as of the contract's execution date, 8 February 1983. The deed was to be delivered by 4 February 1984. Apparently, Mr. Weiss, acting as agent for Ms. Weiss, gave to the Woodys silver coins having a face value of $1,000 and a market value of $10,000. The Woodys assert that Mr. Weiss told them that the market value of the coins would increase to $13,500 by the end of the year. The deed was not delivered by 4 February 1984, and Ms. Weiss brought this action.

The defendants answered, asserting several defenses and counterclaims. They alleged that (1) the plaintiff's agent falsely and fraudulently represented the coins to be worth $13,500; (2) the value of the coins did not increase and, therefore, there was a failure of consideration; (3) plaintiff took possession of the land and owed rent and profits to defendants; (4) plaintiff damaged the property; and (5) there was a mutual mistake of fact regarding the value of the coins. The trial court dismissed the third and fourth counterclaims.

At the jury trial, plaintiff's counsel questioned Mr. Weiss on direct examination:

Q. Do you have an opinion as to the fair market value of the silver on the day that you transferred it to them? Answer that either "yes" or "no."

A. Yes.

Q. What is your opinion?

MR. WARREN: Objection.

COURT: Overruled.

A. You want me to tell you what I think it was worth?

Q. Yes.

A. Approximately thirteen thousand two hundred dollars; ninety percent of the market value.

On cross-examination, defense counsel elicited the following testimony from Mr. Weiss:

Q. So you gave them what you thought to be about thirteen thousand two hundred dollars in silver?

A. That's what I think, yes, sir.

Later in the trial, defendant offered evidence to show that Mr. Weiss represented that the value of the coins would increase to $13,500, but that, in fact, they had a value of only $10,000.

The court submitted two questions to the jury, and they were answered as follows:

1. Did the Defendants, on February 8, 1983, receive from the Plaintiff the sum of $13,500 or its equivalent as earnest money for the purchase of the property in question?

Answer: No.

2. If not, what amount are the Defendants entitled to recover of the Plaintiff?

Answer: $3,500.00.

The trial court then entered judgment ordering the plaintiff to pay $3,500 plus interest to the defendant. Plaintiff appeals, asserting that the trial court erred (1) in submitting issues to the jury that were not raised by the pleadings, (2) in allowing the defendant to violate the parol evidence rule, and (3) in failing to grant plaintiff's motion for summary judgment or for a directed verdict. We find no error, and the trial court's judgment is upheld. We remand the case, however, for the trial court to consider defendants' motion for partial relief from judgment under Rule 60(b) of the North Carolina Rules of Civil Procedure.

I

[1]   Plaintiff argues that the issues submitted to the jury were not supported by the pleadings. Plaintiff acknowledges that defendants' counterclaims raised the issues of fraud, failure of consideration, and mutual mistake regarding the silver coins. In an amended answer to the complaint, defendants asserted:

> That the failure of the silver to rise in value to $13,500.00, as promised and guaranteed by Plaintiff, by and through her agent, Joe Weiss, as hereinbefore alleged, constitutes a failure of consideration, and that as a result thereof, should this Court order the Defendants to convey the property to Plaintiff, Plaintiff should be made to pay an amount equal to the difference between the fair market value of the silver on February 8, 1984, and $13,500.00 in order to prevent Plaintiff from being unjustly enriched by said sum.

Plaintiff argues that she had "no way of knowing what the Defendants [were] setting out to prove . . . ." We believe the plaintiff knew, or should have known, the substance of defendants' arguments: that the plaintiff should not be permitted to enforce the contract unless and until the full purchase price is paid.

This argument by defendants goes directly to the heart of plain-tiff's equitable right to specifically enforce the contract.

> The remedy of specific performance is available to "com-pel a party to do precisely what he ought to have done with-out being coerced by the court." *McLean v. Keith*, 236 N.C. 59, 71, 72 S.E. 2d 44, 53 (1952). The party claiming the right to specific performance must show the existence of a valid contract, its terms, and either full performance on his part or that he is ready, willing and able to perform. 71 Am. Jur. 2d "Specific Performance," Sec. 207 (1973).

*Munchak Corp. v. Caldwell*, 301 N.C. 689, 694, 273 S.E. 2d 281, 285 (1981); *see Hutchins v. Honeycutt*, 286 N.C. 314, 210 S.E. 2d 254 (1974). The central issue—whether the full price was paid so as to entitle plaintiff to specific performance of the contract—was a question of fact raised by the evidence and was properly sub-mitted to the jury. *Cf. Loman-Garrett Supply Co., Inc. v. Dudney*, 56 N.C. App. 622, 624, 289 S.E. 2d 600, 602 (1982) (The plaintiff was put on notice by the pleadings of the substance, "if not the label," of defendants' defense; summary judgment improper.).

We note that the award to defendants of $3,500 in the judg-ment was not an abuse of discretion in this case because the court imposed a concurrent obligation on defendants: "[U]pon payment into the Court [of $3,500,] the Defendants shall convey to Plaintiff the property described in the Complaint, by Warranty Deed in ac-cordance with the terms of the Contract." The trial court also pro-vided in its decree and order:

> That in the event the Plaintiff fails to pay the Judgment herein . . . the Defendants shall not be required to specifical-ly perform the aforesaid contract and the Clerk of the Superi-or Court of Buncombe County shall return the three bags of silver marked Defendants' Exhibits 2, 3 and 4 to the Plaintiff or her counsel, and cancel the monetary portion of this Judg-ment.

The plaintiff sought to specifically enforce a land sale con-tract; the jury determined that plaintiff failed to pay the contract purchase price; therefore, the trial court ordered that the con-tract be performed by the defendants, but only if and when plain-tiff pays the remainder of the purchase price. In effect, the trial

court gave plaintiff the option either to purchase the land (for the agreed price) or to rescind the contract. The trial court has the discretion to fashion a decree of specific performance on terms it deems just. *See Nugent v. Beckham,* 37 N.C. App. 557, 246 S.E. 2d 541 (1978). We find no error on this assignment.

## II

**[2]** Plaintiff next contends that the court violated the parol evidence rule by admitting evidence that varied the terms of an integrated written contract. The contract provided that the purchase price was $13,500 and that this amount was paid in full. The contract also included the following integration clause:

> This contract contains the entire agreement of the parties and there are no representations, inducements, or other provisions other than those expressed in writing. All changes, additions or deletions hereto must be in writing and signed by all parties.

The parol evidence rule is often expressed as though it were a rule of evidence. It prohibits proof of certain facts, events, agreements or negotiations that occur prior to or contemporaneously with the execution of a writing intended to be the final expression of the parties' agreement. *See generally* Brandis, 2 *North Carolina Evidence* Sec. 251 (2d rev. ed. 1982). But it is actually a rule of substantive law. *Van Harris Realty, Inc. v. Coffey,* 41 N.C. App. 112, 115, 254 S.E. 2d 184, 186 (1979). The substantive rule is well stated in *Neal v. Marrone,* 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953) (citations omitted):

> [W]here the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent.

---

Weiss v. Woody

---

Thus, for example, parol evidence cannot be used to contradict the purchase price as written in the contract. *Dixon v. Sedgefield Realty Co.*, 42 N.C. App. 650, 257 S.E. 2d 466, *disc. rev. denied*, 298 N.C. 567, 261 S.E. 2d 121 (1979). And when receipt of payment is noted on the contract, parol evidence cannot be used to attack the validity of the contract itself. *Westmoreland v. Lowe*, 225 N.C. 553, 555, 35 S.E. 2d 613, 614 (1945). But parol evidence is admissible to rebut the presumption of payment raised by a recital of consideration. *Id.* The distinction between the two rules was settled more than a century ago.

> When a receipt is evidence of a contract between parties it stands on the same footing with other contracts in writing, and cannot be contradicted or varied by parol evidence; but when it is an acknowledgement of the payment of money or of the delivery of goods, it is merely *prima facie* evidence of the fact which it recites, and may be contradicted by oral testimony.

*Harper v. Dail*, 92 N.C. 394, 397 (1885) (citations omitted). A more detailed statement of the distinction demonstrates its applicability in the case at bar:

> Where the payment of the consideration is necessary to sustain the validity of the deed or the contract in question, the acknowledgement of payment is contractual in its nature and cannot be contradicted by parol proof; but where it is to be treated merely as a receipt for money it is only *prima facie* evidence of the payment, and the fact that there was no payment, or that the consideration was other than that expressed in the deed, may be shown by oral evidence. Washburn thus states the rule, and the quotation seems to fit this case exactly: "Although it is always competent to contradict the recital in the deed as to the amount paid, in an action involving the recovery of the purchase money, or as to the measure of damages, in an action upon the covenants in the deed it is not competent to contradict the acknowledgement of a consideration paid in order to affect the validity of the deed in creating or passing a title to the estate thereby granted." 3 Wash. R. P. (5 Ed.), marg. p. 614.

*Deaver v. Deaver*, 137 N.C. 241, 243-44, 49 S.E. 113, 114 (1904); *Westmoreland; Jenkins v. Wood*, 201 N.C. 460, 160 S.E. 2d 488

(1931); *Barbee v. Barbee*, 108 N.C. 581, 13 S.E. 215 (1891); *cf. Kendrick v. Mutual Benefit Life Ins. Co.*, 124 N.C. 315, 32 S.E. 728 (1899) (An acknowledgement of the receipt of payment in an insurance policy estops the insurance company to attack the validity of the policy, but parol evidence is admissible to rebut the acknowledgement as prima facie evidence of the amount actually paid.). *See generally* Brandis, *supra*, Sec. 259 (Mere recitals of fact, such as receipts for money or statements of consideration, are not subject to the parol evidence rule.).

Applying these rules to the case at bar, the acknowledgement in the contract (that the purchase price of $13,500 was paid in full) cannot be attacked for the purpose of invalidating the contract or demonstrating that the purchase price was not $13,500. But parol evidence is admissible to show that the price was not paid in full. For purposes of this type of attack, the acknowledgement is merely a receipt, and it provides prima facie evidence of the amount actually paid. The evidence presented and admitted in the case at bar was not intended to, and did not, show that the purchase price was other than $13,500. Rather, it tended to contradict the receipt of the full purchase price. Therefore, it was not error to overrule the objection to the admission of this testimony.

### III

[3] Finally, plaintiff argues that the trial court erred in denying plaintiff's motions for summary judgment and for a directed verdict. Plaintiff's position is that defendants' counterclaims for fraud and failure of consideration cannot be sustained as a matter of law. Yet, this argument ignores the fact that the plaintiff had a legal obligation to prove payment (or that she was ready, willing and able to pay) on the contract in order to be entitled to the specific performance remedy. *See Munchak; Hutchins.* The plaintiff asserted at trial that this obligation had been satisfied, but defendants contradicted plaintiff's evidence. Admittedly, the judgment appears to "award" $3,500 to defendants. But, in fact, it grants to the plaintiff the remedy of specific performance, conditioned on the fulfillment of plaintiff's obligation to pay the entire purchase price. As explained in Part I, *supra*, if plaintiff decides not to pay the remaining $3,500 of the purchase price, the defendants may keep the land but must return the silver coins originally

paid by plaintiff. This judgment was proper on the evidence in this case without regard to the merits of defendants' counterclaims.

In light of our conclusion that there was a material issue of fact for the trier of fact to resolve—whether the purchase price was paid in full—neither summary judgment nor a directed verdict would have been proper.

IV

On 12 November 1985, defendants filed a motion for partial relief from judgment, pursuant to Rule 60(b)(1) and (6) of the North Carolina Rules of Civil Procedure, based on allegations of mistake, inadvertence and surprise. Defendants allege that the description of the land in the 8 February 1983 contract inadvertently and mistakenly referred to a land description in Buncombe County Deed Book 955 at Page 289. Defendants assert that the description in Book 955 at Page 289 includes much more land than the .32 acres contemplated by the parties to the 8 February 1983 land sale contract and that the reference to Book 955 at Page 289 was mistakenly taken from a plat prepared by a registered land surveyor. Apparently, the defendants are currently in the process of selling a portion of the land described in Book 955 at Page 289 that is not part of the land intended to be sold to plaintiff; the purchasers are concerned about the clarity of defendants' title to this land because the judgment of the trial court below refers to the allegedly incorrect land description.

We express no opinion on the merits of defendants' motion for partial relief from judgment, but we remand the motion to the trial court for a hearing, if necessary. Should the court determine that the parties in this case inadvertently and mistakenly described the land sold to plaintiff, it shall modify its judgment to accurately describe the tract of land.

For the reasons set forth above, we find no error in the judgment, but we remand the case for consideration of defendants' Rule 60(b)(1) and (6) motion.

No error.

Remanded for consideration of Rule 60(b) motion.

Judges WEBB and COZORT concur.