JOSEPH F. PHELPS, Plaintiff v. PAUL G. SPIVEY, Defendant

No. COA96-949

(Filed 1 July 1997)

**Evidence and Witnesses § 1994 (NCI4th)— oral agreement— use of mobile home and boats—transfer of title—parol evidence rule**

The trial court did not err by granting summary judgment for defendant in a case which arose from an alleged oral agreement between plaintiff and defendant concerning the ownership and use of a mobile home, boats, and trailers. Plaintiff alleged that the oral agreement was that he was to sign over the titles to the

mobile home and boats to defendant, who was to pay $21,000 and hold the mobile home and boats for the beneficial and equal use of both during plaintiff's lifetime; both parties agree that plaintiff signed over the titles; plaintiff subsequently requested a change in his work and compensation arrangement with defendant's company; plaintiff alleges that defendant notified him that he was prohibited from using the mobile home or boats; and defendant alleges that plaintiff signed clear and unencumbered titles to the mobile home and both boats in exchange for a payment of $17,000. The parol evidence rule is a rule of substantive law, although it is often expressed as a rule of evidence. Plaintiff here concedes that the certificates of title and checks constitute sufficient memoranda to satisfy the requirements of the Statute of Frauds and those documents unequivocally reflect that defendant holds clear and unencumbered title to the mobile home and boats. Plaintiff is precluded from offering evidence of the alleged oral agreement, which tends to contradict the written memoranda, and there was no genuine issue of material fact.

**Am Jur 2d, Evidence §§ 1092 et seq.**

Appeal by plaintiff from order of summary judgment entered 3 May 1996 by Judge Henry V. Barnette, Jr., in Wake County Superior Court. Heard in the Court of Appeals 23 April 1997.

*Miller & Shedor, P.L.L.C., by Marty E. Miller and Peter R. Shedor, for plaintiff appellant.*

*Ragsdale, Liggett & Foley, by George R. Ragsdale and Cristina I. Flores, for defendant appellee.*

COZORT, Judge.

The parties in this case first became acquainted in 1965. Since that time, they have participated in numerous business activities. Defendant Paul G. Spivey ("Spivey") owns a printing business called "Paul Spivey Services." Plaintiff Joseph F. Phelps ("Phelps") was employed by Spivey at "Paul Spivey Services."

This case arises from an alleged oral agreement between Phelps and Spivey. The agreement concerned the ownership and use of a mobile home, a Harker's Island boat and trailer, and a K-Craft boat and trailer located in the "Triple 'S' Mobile Home Park," at Atlantic Beach, North Carolina. Phelps alleges the oral agreement was as

follows. Phelps was to sign over the titles to the mobile home and the boats to Spivey. Spivey was to pay $21,000.00 and hold the mobile home and boats for the beneficial and equal use of Phelps and Spivey during the lifetime of Phelps. The parties would be entitled to equal use of all rooms, utilities, appliances and furnishings inside the mobile home. The parties would also be allowed to equally use the outside storage facilities around the mobile home and equal use of the boats. Spivey was to pay for all expenses involving the upkeep and maintenance of the mobile home and the boats. Spivey was also to have exclusive and absolute use of the mobile home and the boats after the death of Phelps.

Both parties agree that Phelps signed over the titles to the mobile home and the boats, as evidenced by the certificate of title and related documents for the mobile home, and the registration records and transfer of ownership documents for the boats, and copies of checks written by Spivey. From May of 1989 through 6 December 1992, Spivey and Phelps adhered without deviation to the alleged agreement. On 6 December 1992, Phelps requested a change in his work and compensation arrangement with Paul Spivey Printing. In response to this request, Phelps alleges that Spivey notified him that he was prohibited from ever using the mobile home or the boats again. Phelps also alleges that Spivey changed the locks on the mobile home and posted signs around and on the mobile home reading, "Keep Out," "No Trespassing" and "Private Property." Spivey notified the manager of the Triple 'S' Mobile Home Park and residents of the park of the action he had taken against Phelps. Phelps alleges that Spivey gave one of the boats to the manager of the Triple "S" Mobile Home Park, and the whereabouts of the second boat are unknown.

Spivey alleges that Phelps signed clear and unencumbered titles to the mobile home and both boats to Spivey, in exchange for monetary payment in the amount of $17,000.00. Spivey admits that he notified Phelps that he was no longer welcome to use Spivey's mobile home and boats. He also admits he changed the locks on the mobile home and posted two signs at the gates of the mobile home prohibiting trespassing. He also notified the manager of the mobile home park that he had changed the locks and that Phelps was no longer welcome on his property. He gave the Harker's Island boat to the manager of the mobile home park after the boat had sunk.

Phelps brought the present action alleging breach of fiduciary duty, breach of contract, unjust enrichment, conversion and punitive

damages. On 22 March 1996 defendant Spivey moved for summary judgment. On 3 May 1996 the trial court granted summary judgment in favor of defendant Spivey. From this order, plaintiff Phelps appeals.

Plaintiff Phelps argues summary judgment was improperly granted in favor of defendant Spivey because plaintiff stated claims for which relief could be granted and to which the parol evidence rule does not apply. We disagree.

The standard of review for whether summary judgment is proper is whether the trial court properly concluded that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *Aetna Casualty & Surety Co. v. Welch*, 92 N.C. App. 211, 212, 373 S.E.2d 887, 888 (1988). In ruling on a summary judgment motion, the court should consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 665, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995). The court must view the evidence presented by both parties in the light most favorable to the nonmoving party. *Id.* at 666, 449 S.E.2d at 242. Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990).

The Statute of Frauds, N.C. Gen. Stat. § 25-2-201(1) (1995) provides:

Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars ($500.00) or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

The Parol Evidence Rule, codified in N.C. Gen. Stat. § 25-2-202 (1995) provides:

Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

    (a) by course of dealing or usage of trade (G.S. 25-1-205) or by course of performance (G.S. 25-2-208); and

    (b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

The parol evidence rule is a rule of substantive law, though it is often expressed as if it were a rule of evidence. The rule "prohibits proof of certain facts, events, agreements or negotiations that occur prior to or contemporaneously with the execution of a writing intended to be the final expression of the parties' agreement." *Weiss v. Woody*, 80 N.C. App. 86, 91, 341 S.E.2d 103, 106, *cert. denied*, 316 N.C. 738, 345 S.E.2d 399 (1986); *Van Harris Realty, Inc. v. Coffey*, 41 N.C. App. 112, 115, 254 S.E.2d 184, 186 (1979). The substantive rule is well stated in *Neal v. Marrone*, 239 N.C. 73, 79 S.E.2d 239, 242 (1953):

[W]here the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. *And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent.*

*Id.* at 77, 79 S.E.2d at 242 (emphasis added) (citations omitted).

Plaintiff Phelps concedes in his brief that the certificates of title and the checks constitute sufficient memoranda to satisfy the requirements of the Statute of Frauds. These documents unequivocally reflect that Spivey holds clear and unencumbered title to the mobile home and the boats. Phelps is precluded from offering evi-

dence of the alleged oral agreement, which tends to contradict the written memoranda. There is no genuine issue of material fact, and defendant Spivey is entitled to judgment as a matter of law. The trial court's order of summary judgment in favor of defendant Spivey is

Affirmed.

Judges MARTIN, John C., and McGEE concur.