Affirmed by unpublished opinion. Judge SHEDD wrote the majority opinion, in which Senior Judge MOON joined. Judge WILKINSON wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
SHEDD, Circuit Judge:
Hearst Communications, Inc. and White Directory Holdings Carolina, LLC (collectively “White Directory”) appeal the district court’s order conditionally certifying class action claims against them for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive trade practices. For the following reasons, we affirm the certification order.
These claims, brought by William B. Gray, III, d/b/a Greenwood Clinic of Chiropractic, and B & K Services, Inc., on behalf of themselves and other similarly situated advertisers (collectively “Gray”), stem from Gray’s purchase of advertising in The Talking Phone Book telephone directories which are published and distributed by White Directory in various markets *700 throughout South Carolina. Gray alleges White Directory solicited the class members to enter into advertising contracts through the use of concerted sales efforts touting White Directory’s superior distribution coverage, but that White Directory knowingly misrepresented its actual distribution, never made a full distribution as promised, and intentionally sought to conceal this deception.
Gray initially asserted seven causes of action, but eventually sought class certification on only three theories of relief: breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive trade practices. After a hearing on the motion for class certification, the district court entered an order conditionally certifying all three class claims. White Directory timely filed a petition for review. We review the class certification decision for abuse of discretion. Brown v. Nucor Corp., 576 F.3d 149, 152 (4th Cir.2009).
Although White Directory raises several issues on appeal, the primary issue is whether the district court erred in finding that Gray’s proposed class action claims satisfy the commonality and predominance requirements of Federal Rule of Civil Procedure 28. In granting certification, the district court determined that each of Gray’s claims ultimately hinges on whether he can establish a distribution obligation, which is a question that the district court found is capable of classwide proof and predominates over any individual issues. We agree.
Federal Rule of Civil Procedure 28 establishes the standard for class certification, and a proposed class must meet the requirements of both Rule 23(a) and Rule 23(b). First, a class action “must comply with the four prerequisites established in Rule 23(a): (1) numerosity of parties; (2) commonality of factual and legal issues; (3) typicality of claims and defenses of class representatives; and (4) adequacy of representation.” Gunnells v. Healthplan Services, Inc., 348 F.3d 417, 423 (4th Cir.2003) (quoting Fed.R.Civ.P. 23(a)). Second, the class action must also fall within one of the three categories established in Rule 23(b). Id. Here, Gray seeks certification of his claims under Rule 23(b)(3), which requires proof that “the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.” Fed.R.Civ.P. 23(b)(3). A plaintiff seeking class certification bears the burden of proving the proposed class complies with the requirements of Rule 23. Windham v. Am. Brands, Inc., 565 F.2d 59, 65 n. 6 (4th Cir.1977) (en banc).
Commonality is generally established when a plaintiffs claims have “questions of law or fact common to the class.” Fed. R.Civ.P. 23(a)(2). As the Supreme Court recently clarified, in order to satisfy the commonality requirement, the plaintiff must “demonstrate that the class members ‘have suffered the same injury,’ ” Wal-Mart Stores, Inc., v. Dukes, — U.S.-, -, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (quoting Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)), and that the claim “depend[s] upon a common contention” that “is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke,” id.
“In a class action brought under Rule 23(b)(3), the commonality requirement of Rule 23(a)(2) is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class predominate over other questions.” Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, *701 146 n. 4 (4th Cir.2001) (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 609, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)) (internal quotation marks omitted). The Rule 23(b)(3) predominance requirement is “far more demanding” than Rule 23(a)(2)’s commonality requirement, and the “predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.” Amchem Prods., 521 U.S. at 623, 117 S.Ct. 2231. In other words, to satisfy Rule 23(b)(3), “[cjommon questions must predominate over any questions affecting only individual members; ... [such that] a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated.” Id. at 615, 117 S.Ct. 2231 (internal quotation marks omitted).
White Directory initially argued the contracts at issue did not include an express distribution term and therefore contained no contractual obligation regarding distribution. However, during oral argument, White Directory conceded the contracts do contain a distribution obligation, and further conceded the distribution plan or scheme is the same for all advertisers in any given coverage area. Thus, there is no dispute that a uniform distribution obligation exists.
Having conceded the existence of a uniform distribution obligation, White Directory’s remaining objections to class certification carry little weight. White Directory’s insistence that there can be no proof of a distribution obligation absent a distribution number, which the contracts do not contain, is simply a variation of its now-rejected argument that the contracts contain no distribution obligation at all. Likewise, because White Directory concedes it has a distribution obligation under the contract, the eon-tracts’ integration clause and North Carolina’s parol evidence rule[1] do not bar the use of extrinsic evidence to determine what that obligation is. See, e.g., Edwards v. Hill, 703 S.E.2d 452, 456 (N.C.Ct.App.2010) (noting extrinsic evidence may be used to explain the terms and the parties’ expressed intentions in an integrated agreement). In fact, during oral argument White Directory described its distribution requirement under the contracts as its “normal course of distributing books.” Evidence of such course of dealings and course of performance is permissible to explain or supplement contractual terms. See Phelps v. Spivey, 126 N.C.App. 693, 486 S.E.2d 226, 228-29 (1997) (citing N.C. Gen.Stat. § 25-2-202).
Finally, White Directory misses the mark by focusing on the individualized nature of the different representations that may (or may not) have been made in the negotiations between each advertiser and White Directory. As we already discussed: White Directory concedes (and common sense dictates) that the normal course of distribution is the same for all directory advertisers in a given market. Accordingly, the level of distribution does not vary based on what advertisers pay.
It is this uniform distribution practice which distinguishes Wal-Mart. In Wal-Mart, the putative class sought to prove Wal-Mart had a general policy of discrimination that guided millions of allegedly discriminatory employment decisions. However, in Wal-Mart there was a question of whether a general policy concerning such decisions existed and whether that general policy applied to all hiring decisions. Here, unlike Wal-Mart, there is no dispute that a uniform policy (or obligation) exists or that such a uniform policy *702 applies to all plaintiffs; White Directory concedes both. Moreover, to the extent White Directory argues its sales representatives made representations regarding distribution that differed from the distribution obligation in the contract, evidence of those representations — unlike evidence of White Directory’s course of dealings concerning distribution — would be barred by the contract’s integration clause.
Thus, although White Directory’s sales representatives may have had broad discretion to make different sales pitches to different advertisers, they could not make binding promises regarding distribution obligations which differed from that reflected in the contract. And, even if the parties may have had different expectations regarding other variables (e.g. size, color, location, price, etc.), the common predominating question focuses on whether White Directory fulfilled that distribution obligation.
To summarize, we think the district court was correct: the common question regarding White Directory’s distribution obligation predominates over any individual issues because the putative class members all assert injury from the same action (ie. failure by White Directory to follow its standard distribution practice), and determination of whether White Directory breached its standard distribution obligation will resolve in one stroke an issue that is central to the validity of the class members’ breach of contract claims. In addition, the district court correctly found that Gray may rely on extrinsic evidence to establish what that normal course of distribution is. Because the same distribution obligation applies to every advertiser within the same geographic market area, evidence of White Directory’s distribution obligation would apply to all such advertisers. Whether White Directory reasonably met that obligation becomes a common question of fact for the jury to decide.[2]
Accordingly, we affirm the district court’s certification of the class.[3]

AFFIRMED.

. The parties agree that North Carolina law applies to Gray’s breach of contract claim pursuant to the choice of law provision in the contracts.

. We have reviewed Gray’s breach of a good faith and fair dealing and unfair trade practices claim and believe he satisfied his burden of establishing commonality as to those two claims. Like the breach of contract claim, both of the remaining claims center on the distribution obligation.

. White Directory also argues that the district court abused its discretion by (a) certifying Gray’s class on a conditional basis, (b) failing to conduct a rigorous analysis of the record, and (c) finding the class satisfied the superiority, typicality, and adequacy requirements of Rule 23(b)(3). We have reviewed the record and find no abuse of discretion by the district court on these matters.