EDWARDS, Senior Circuit Judge,
concurring:
I am pleased to concur in the opinion for the court and do so without caveat. I write separately merely to amplify some points of concern.
During oral argument before this court, counsel for the District of Columbia made the astonishing argument that Wal-Mart would bar a class action by disabled children who seek to challenge a clear city policy that forecloses the processing of all IDEA claims. Here is the exchange between the counsel for the District and the court:
Judge: I have to say that I am confused about the way you have argued this part.... So, imagine that we solve the Rule 23 problem. The statute says the state has to have in effect policies and procedures to ensure the state meets the following conditions and the state announces: “We don’t care;
we’re not going to do it. We have no policy, nothing in effect at all. And therefore, no child in our district will ever get a FAPE [free appropriate public education].” And there is a class action brought by all children who are disabled and have tried to get a FAPE and can’t get one because [the city] ha[s] a policy. Do you have any doubt that this could be brought ... first of all, that this satisfies Wal-Mart, you have no doubt that a request for an injunction ordering the state to follow the IDEA and to adopt policies and procedures — without specifying even what they are — would that be a Wal-Mart problem?
Counsel: It would be a problem under Wal-Mart' in the context of IDEA because ... the reason why the Dis *130 trict failed any particular child is not a part of any individual ...
Judge: But it affects every child in the example I just gave. Right? Every single child because [the city] is not having any FAPE. So, it is not the only reason they failed every child. There [is] additional individualized de-cisionmaking that has to be made, but here is one policy that affects every child. You have a doubt that Wal-Mart permits that kind of injunction?
Counsel: I do your honor....
Judge: Let’s say there is a class of 1,000 children all of whom are disabled and none of whom can get any benefits from the District at all because they are “stopped ... at the door” by a [city] rule that says “we are not going to give you any benefits at all.” Why isn’t that a “common fact” issue solvable by a single injunction?
* * *
Counsel: Wal-Mart said that ... there has to be an up or down resolution of a common contention and the resolution of that common contention has to be central to the validity of each one of the claims. If you break down the class that you are proposing, each individual there would say something like “I was not found ...”
Judge: No, no, no. Each individual would say I cannot get in the door....
Judge: You heard my example of the [city’s] policy. [It] is: “we are not going to follow IDEA at all.” That’s what it said. Now isn’t it the case that every individual who is disabled has a claim that the District follow IDEA and if the District’s going-in policy is “we are not going to follow it,” [then] everyone has a common claim that their rights are being violated?
* * *
Counsel: I really do think there is a disconnect between perhaps the court’s understanding of Wal-Mart and mine. But again the court just needn’t reach the issue....
Judge: You have now forced us to reach the issue, which is unfortunate for the District of Columbia. You have forced us to reach the issue.... Because we know you are going to make the argument [to the District Court] that it is not possible — even if there is a single policy that will affect every single member of the class [and] which can be solved by a single injunction — ... that Wal-Mart doesn’t permit that. And Wal-Mart expressly does permit that....
Oral Arg. at 1:16:05-22:58.
The argument raised by the District is astonishing because it is patently wrong. Wal-Mart surely does not foreclose a class action to challenge a city policy that effectively precludes protected parties from even being considered for benefits that would otherwise be available. And all claimants who are similarly blocked by the policy may join a class action to challenge it. Such a class action would easily satisfy the commonality requirement of Rule 23 even after Wal-Mart. See, e.g., McRey-nolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 672 F.3d 482, 489-91 (7th Cir.2012) (explaining that Wal-Mart allows a class action to challenge specific, companywide policies that “exacerbate racial discrimination by brokers”), cert. denied, — U.S. —, 133 S.Ct. 338, 184 L.Ed.2d 157 (2012).
This point is highly relevant with respect to the matters that must be resolved on remand. It is therefore important that *131 the District Court understand that it will be free to certify a class or subclass if it determines that a single policy or practice effectively forecloses disabled children in that class or subclass from pursuing IDEA benefits. See id. As Judge Rovner noted in Jamie S. v. Milwaukee Public Schools:
[Notwithstanding the inherently child specific nature of child-find inquiries, a class action based on a truly systemic child-find failure may be viable. And the fact that it may not be possible to identify individual class members until the remedial phase of the litigation, when prospective members of the class are invited to come forward and establish that they were among those injured by this systemic failure, should not preclude a class action, which may be the only realistic avenue of relief for those injured by systemic violations of their rights.
Systemic violations of the IDEA are cognizable. See Doe ex rel. Brockhuis v. Ariz. Dep’t of Educ., 111 F.3d 678, 681 (9th Cir.1997) (coll, cases).... Certainly ... an illegal policy would support a claim for a systemic violation of the IDEA’s child-find mandate. But ... widespread practices might also support such a claim.
668 F.3d 481, 504-05 (7th Cir.2012) (Rov-ner, J., concurring in part and dissenting in part). The principles enunciated by Judge Rovner are eminently correct. Even the majority opinion in Jamie S. acknowledges that a class action may be pursued “if there [is] ‘significant proof that [the school district] operated under child-find policies that violated the IDEA.” Id. at 498 (majority opinion) (emphasis in original); see also Gray v. Hearst Commc’ns, Inc., 444 Fed.Appx. 698, 701-02 (4th Cir.2011) (class action could proceed where “there [was] no dispute that a uniform policy (or obligation) exists or that such a uniform policy applies to all plaintiffs”). The same principle has been followed even in those cases in which class certification has been denied. See, e.g., In re Countrywide Fin. Corp. Mortg. Lending Practices Litig., 708 F.3d 704, 709 (6th Cir.2013) (“Essential to McReynolds, and missing from the instant litigation, were companywide policies that contributed to the alleged disparate impact that arose from the delegation of discretion to individual brokers.”); Tabor v. Hilti, Inc., 703 F.3d 1206, 1229 (10th Cir.2013) (holding that commonality was not satisfied where plaintiffs “challenge[d] a highly discretionary policy for granting promotions” and defendants “failed to maintain the [allegedly discriminatory] system in any uniform manner”).
During oral argument, the District’s counsel acknowledged that a viable IDEA claim may be pursued as a class action. That is undoubtedly correct and nothing in our decision today should be taken to suggest otherwise. We also mean to say that if the District of Columbia has adopted a “stopped at the door” policy or practice that effectively blocks disabled children from being identified pursuant to the child-find requirements of IDEA or from otherwise being considered for IDEA benefits, then the affected children in appropriate classes or subclasses may challenge the policy or practice in a class action. An illegal policy or practice affecting all class members would provide the “glue” necessary to litigate otherwise individualized claims as a class. Wal-Mart Stores, Inc. v. Dukes, — U.S. -, 131 S.Ct. 2541, 2552, 180 L.Ed.2d 374 (2011); see also McReynolds, 672 F.3d at 489-91. The District’s arguments to the contrary are simply misguided, and the District Court should-not be lead astray by such claims on remand.